### THE WILKINSON-GADDIS COMPANY v. RACHEL VAN RIPER.

Argued February 28, 1899—Decided June 12, 1899.

1. When, by the statute of frauds, a contract or promise, valid at common law, is rendered ineffectual to sustain a recovery thereon, unless there be a writing, it is not necessary in a declaration upon such contract or promise to aver that the requisition of the statute that it should be in writing has been complied with. In a declaration against a surety or guarantor it is not necessary to state that the promise was in writing; the law presumes the fact that the promise was in writing, and what the law intends may be omitted in the averments of pleading.

2. Where the contract, suretyship or guaranty on the part of one is to pay the debt of another contracted at the same time the engagement to pay is made, or subsequent thereto and included in the engagement, and the engagement is not an agreement or guaranty for the collection of the debt merely, then the engagement becomes original in its character and not collateral, and binds the party making it equally with the principal debtor, and therefore an unsuccessful attempt at collection by action or otherwise and the notice thereof, or notice of the default of the principal debtor to pay the same, or the insolvency of the principal debtor, need not be averred in the declaration in an action against such guarantor or surety.

On demurrer to the declaration.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff, *Skinner & Ten Eyck.*

For the defendant, *Frank Van Cleve.*

The opinion of the court was delivered by

LIPPINCOTT, J. The declaration contains a special count on a contract of guaranty and the common counts. The demurrer is general to the whole declaration, which is bad pleading in this case, but it has been consented that argument and determination be had as if there had been a plea to the common counts and a demurrer to the special counts.

The first objection under the specifications is that the declaration does not aver the contract of guaranty to have been in writing.

The averment of the declaration in this respect, after the formal statements contained therein, is that "the said defendant guaranteed to the plaintiff the payment of all bills then contracted and thereafter to be contracted with it by the said Richard Van Riper to the extent of three thousand dollars."

If it be conceded that the contract of guaranty here sued on is a collateral one to answer for the debt of another—that is, for the collection of the debt—still this appears to be a

sufficient statement of the obligation so far as this objection is concerned.

The general rule of pleading is that when a statute makes a writing necessary in a common law matter, where it was not so before, in declaring on that matter, it is not necessary to state that it is in writing, although it must be proved in evidence; but when the matter is created by statute and a writing is required, then the pleading must aver the existence of the writing. *Brandt S. & G.* (ed. 1878), § 77, and cases cited. This is the rule as to all contracts coming within the statute of frauds. They need not be stated to have been in writing. 1 *Chit. Pl.* \*222. In proof they must be shown to have been in writing, so that they may appear to be such contracts as are enforceable pursuant to the statute, but in declaring on a contract within the statute, it need not be averred to have been in writing. The law presumes that fact, and what the law intends may be omitted in the averments of pleading. *Steph. Pl.* (2d ed.) 418, 419, *and note; Raym.* 450; 1 *Saund. Pl.* 276, *and note (b); Id.* 211, *note* 2; *Id.* 276, *note* 1; *Bennington* v. *Rutherford,* 3 *Harr.* 105 *; Bacon Abr. Stat. L.* 3; *Wallis* v. *Frazier,* 2 *Nott & M.* 180; *Nelson* v. *Dubois,* 13 *Johns.* 175; *Baker* v. *Jameson,* 2 *J. J. Marsh.* 547.

The demurrer cannot be sustained on this ground of objection.

The only other objection is that, considering the contract as one of pure guaranty, the declaration should have averred due diligence to recover the amount from the principal debtor, or else averred as an excuse for the want of such diligence his insolvency.

Upon a collateral contract of guaranty, for the collection of the debt, this is the rule of pleading.

But I think this objection is founded upon a mistake as to the character of the contract or undertaking upon which the declaration is founded.

It will be seen that the guaranty or contract upon which the action is based, as alleged in the declaration, is one in

which the defendant engages to make payment herself of the debts contracted for or to be incurred up to the amount named.

If it had been a contract of liability upon the failure of the creditor to collect of the principal debtor, or, in other phrase, a guaranty of collection simply, then an unsuccessful attempt against him to collect, and notice thereof to the defendant, or insolvency, would be not only a requirement of proof, but also an averment of that purport and effect because necessary to be contained in the declaration.

But, under the contract as stated in the declaration, the defendant became an original promisor.

The mere use of the term "guaranteed," as used in the declaration, can have very little significance in determining the character of the engagement of the defendant, for, by whatever name it is called, the contract was one to pay, not upon the default of or miscarriage of the principal debtor, but one which bound the defendant with him at the same time and upon the same consideration to pay the debt at that time incurred, and such as should thereafter be incurred to the amount named, and the defendant, as a surety, was bound to know every default of his principal, and therefore such default and notice thereof need not be averred. The default of the principal debtor was alike the default of the defendant. The obligation was an original one to pay the debt on the part of the defendant, and she could be subjected to an action immediately and before suit against the principal debtor.

These views are fully sustained by the authorities and the distinction between these two classes of engagements fully recognized. 1 *Brandt S. & G.*, ¶¶ 97, 102; 2 *Id.*, ¶ 153, and cases cited. One who guarantees payment becomes absolutely liable upon any default of payment by his principal. *Rand. Com. P.* 850, and cases cited. One who guarantees the collection only incurs a conditional liability, and the condition is that due diligence has been exercised to collect, of which the guarantor has had notice. *Id.*; *Breed* v. *Hillhouse*, 7 *Conn.* 523; *Memphis* v. *Brown*, 20 *Wall.* 289; *Whiting* v.

*Clark,* 17 *Cal.* 407 ; *Esberg-Bachman Leaf Tobacco Co.* v. *Heid,* 62 *Fed. Rep.* 962 ; *Hoey* v. *Jarman,* 10 *Vroom* 523.

In *Hoey* v. *Jarman, supra,* the agreement was, " I do guarantee the payment of the said mortgage at the time specified, but only on failure of said Alvah Wiswall to pay the same," and it was held that this did not mean that liability should not arise until after suit on the bond, but that it was an obligation not only that the debtor would pay the sum on a certain day, but that the guarantor likewise would do so, and that it was not a collateral promise or guaranty. *Bank of New York* v. *Livingston,* 2 *Johns. Cas.* 409 ; *McMurray* v. *Noyes,* 72 *N. Y.* 523.

The conclusion reached is that the first count of the declaration avers a cause of action and that the demurrer be overruled, with costs.