PLEASANTVILLE MUTUAL LOAN AND BUILDING SOCIETY, DEFENDANT IN ERROR, v. JOSEPH R. MOORE AND ALVIN P. RISLEY, PLAINTIFFS IN ERROR.

Submitted December 8, 1903—Decided May 13, 1904.

1. In order to hold one who has made an absolute guaranty of payment of a non-negotiable promissory note, it is not necessary to give him notice of the default of the maker.
2. The evidence in this case fails to establish a binding agreement to extend time to the maker of the note, payment of which was guaranteed by the defendants.

On error to the Atlantic Circuit Court.

For the plaintiffs in error, *George A. Bourgeois.*

For the defendant in error, *Enoch A. Higbee.*

The opinion of the court was delivered by

SWAYZE, J. This action was upon an absolute guaranty of payment of a non-negotiable promissory note made by Champion. The defences relied upon were (1) that no notice of Champion's default in payment was given the defendants; (2) that the plaintiff made a binding agreement upon sufficient consideration to extend the time of payment.

Upon the first point we are referred to *Douglass* v. *Byrne,* 7 *Pet.* 126; *Oxford Bank* v. *Haines,* 8 *Pick.* 423; *Talbott* v. *Gay,* 18 *Id.* 534.

It is true that some of the authorities hold that notice of default in payment by the principal debtor is necessary to charge the guarantor even upon an absolute guaranty of payment, but this rule has not been adopted in New Jersey, and in the early case of *Woolley* v. *Sergeant,* 3 *Halst.* 262 (1826), Justice Ford carefully stated the reason for not requiring notice in case of a non-negotiable instrument. The same rule was followed in *Grover* v. *Hoppock,* 2 *Dutch*er 191. See, also,

*Wilkinson–Gaddis Company* v. *Van Riper,* 34 *Vroom* 394;
*Columbia Electrical Supply Company* v. *Kemmel,* 38 *Id.* 18.

The weight of authority elsewhere is to the same effect.
*Walton* v. *Mascall,* 13 *Mees. & W.* 452; 4 *Eng. Rul. Cas.* 483,
where the American editor has collected many of the American
cases.

Even in those jurisdictions where notice of default of the
principal debtor is held to be necessary, failure to give notice
is not of itself sufficient to discharge the guarantor. *Parkman*
v. *Brewster,* 15 *Gray* 271; *Davis* v. *Wells, Fargo & Co.,* 104
*U. S.* 159.

In the latter case Justice Mathews said: "Both the laches
of the plaintiff and the loss of the defendant must concur to
constitute a defence."

The proofs in this case fail to show that any loss was
attributable to delay in collecting the note.

The second defence raises a question of fact. If the
plaintiff made a binding agreement upon sufficient consid-
eration to extend the time for payment to Champion, the
defendants were thereby released from their contract of
guaranty. There is no evidence of an express agreement to
extend time, but it is said that the premium on the loan,
which the plaintiff was authorized to take by statute (*Gen.
Stat., p.* 333, § 18), was payable in monthly installments, and
was paid for several months after the maturity of the note,
and that this payment of premium is evidence of an agree-
ment to extend the time for payment of the note, and is a
sufficient consideration therefor. We do not doubt that if
the plaintiff had taken this premium *in advance* for any
month, the necessary inference would be that the time for
payment had been extended for that month. The evidence,
however, fails to show a payment in advance. Champion re-
ceived $200, the exact amount of the note. To qualify him-
self to borrow this amount he bought one share in the then
current series of stock, for which he paid $11.55, the value
of that share. The next month—March—he paid $3.06, of
which $1 was for interest, $1 for dues on the stock and $1.06
for the premium, at the rate of fifty-three cents per $100.

Both the interest and premium had already been earned in the month of February. No inference can be drawn from this payment of interest and premium already earned that there was any binding agreement to extend the payment for the month of March, and the case does not show that any subsequent payments were made in advance. The defence, therefore, failed.

The trial judge charged that guarantors may compel holders of paper which they have guaranteed to bring suit. This was erroneous. *Pintard v. Davis, Spenc.* 205; affirmed, 1 *Zab.* 632.

As no defence had been established, and the plaintiffs were entitled to a verdict, the error was harmless.

The judgment for the plaintiff should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Dixon, Garrison, Fort, Hendrickson, Pitney, Swayze, Bogert, Vredenburgh, Vroom, Green. 12.

*For reversal*—None.