JOHN C. RISLEY ET AL. v. WILBERT BEAUMONT.

Argued June 9, 1904—Decided November 7, 1904.

A real estate broker's commission that has been fully earned under an express contract may be recovered under the common counts, and the contract itself admitted in proof of the particulars of the general right so set up.

On defendant's rule to show cause.

Before Justices GARRISON and SWAYZE.

For the plaintiffs, *William I. Garrison.*

For the defendant, *Clarence L. Cole.*

The opinion of the court was delivered by

GARRISON, J. The plaintiffs, a firm of real estate brokers, had a written contract with the defendant authorizing them to sell the Beaumont Hotel, on certain terms. In this contract the defendant agreed to pay a commission of two per cent. on any selling price agreed to between the defendant and a purchaser in case plaintiffs procured such purchaser. The hotel was sold and conveyed by the defendant to one Core for $30,000. Whether Core had been procured as a purchaser by the plaintiffs was a question of fact upon which the testimony was conflicting. The plaintiffs' testimony, if believed by the jury, was sufficient to establish their right to the commission on $30,000. The pertinent questions were properly left to the jury.

The plaintiffs declared upon the common counts. The commission, having been earned, could be recovered under this declaration. *Hinds* v. *Henry*, 7 *Vroom* 328, relied upon by the defendant's counsel, was a case in which the plaintiff was a volunteer, who had no agreement with the defendant, express or implied (at *p.* 331), and the sale itself fell through without default on the part of the defendant (at *p.* 335). The case has no application.

The common counts charge a general right to recover money based upon something that had been done—*i. e.,* fully performed—so that nothing remains but the payment of the money so earned. In such case, if a simple contract exists, the plaintiff is not required to declare upon it, but may put it in evidence in proof of the particulars of such general right. 4 *Am. & Eng. Encycl. L.* 328; *Weart* v. *Hoagland,* 2 *Zab.* 517.

The circumstance that the contract was one required by the statute of frauds to be in writing, does not take the case out of this rule. *Wilkinson–Gaddis Company* v. *Van Riper,* 34 *Vroom* 394.

The defendant's rule is discharged, with costs.