# CASES DETERMINED

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

NOVEMBER TERM, 1905.

---

### ANDREW HARPER v. THE ESSEX COUNTY PARK COMMISSION.

Submitted July 7, 1905—Decided November 13, 1905.

1. It is not necessary for the plaintiff, in an action upon a sealed instrument, to make formal profert thereof, if he annexes a copy of the instrument to his declaration and refers to it in the body of the pleading as so annexed.
2. Failure to aver, with sufficient particularity, the breaches of the contract charged against the defendant does not constitute a ground of general demurrer to a declaration.

---

On demurrer to first count of declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, PITNEY and REED.

For the plaintiff, *Hugh B. Reed.*

For the defendant, *Alonzo Church.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action upon contract. The first ground of demurrer is that the count attacked is in *assumpsit*, when it should be in covenant, for the reason that the agreement sued upon (a copy of which is annexed to the declaration and referred to in the body of the pleading as so annexed) is under seal. An inspection of the copy, however, shows that this ground of demurrer is based upon a misapprehension. Although the agreement recites, in its conclusion, that the Essex county park commission has caused its corporate seal to be thereto affixed, and that the plaintiff has thereunto set his seal, this recital is not borne out by the fact. Neither the seal of the commission nor of the plaintiff is attached to the agreement.

The second ground of demurrer is that the plaintiff has failed to make profert of the contract sued upon. But formal profert is not necessary, even in an action upon a contract under seal, when a copy of the writing is annexed to the declaration and referred to in the body of the pleading as so annexed. By force of section 119 of the Practice act (Revision of 1903), the effect of such annexation and reference is to make the writing just as much a part of the declaration as if it had been precisely set forth therein. *Mershon* v. *Williams*, 34 *Vroom* 398, 402.

The third ground of demurrer is that the count does not specify, with sufficient particularity, the breaches of the agreement alleged to have been committed by the defendant. But, assuming this to be so, such a defect is not within the reach of a general demurrer. It could only be taken advantage of, under the old practice, by special demurrer, and since the abolition of that pleading by statute it can only be dealt with on a motion to strike out the count.

The plaintiff is entitled to judgment on the demurrer.