MANCHESTER BUILDING AND LOAN ASSOCIATION, DEFENDANT IN ERROR, v. JAMES SHUART, JOHN R. LEE, WILLIAM T. GUTHERSON, JOHN J. POST AND WILLIAM H. ROGERS, PLAINTIFFS IN ERROR.

Submitted July 9, 1906—Decided March 4, 1907.

In case of an absolute guaranty, mere delay to require payment, without any binding contract extending the time for payment, and without fraud, will not discharge the surety.

On error to the Supreme Court.

For the plaintiffs in error, *William B. Gourley.*

For the defendant in error, *Jacob W. De Yoe* and *Michael Dunn.*

564    COURT OF ERRORS AND APPEALS.

Manchester Bldg. Asso. v. Shuart..    74 N. J. L.

The opinion of the court was delivered by

TRENCHARD, J.   This writ of error brings under review a judgment of the Supreme Court in favor of the defendant in error, the plaintiff below.

The action was brought by the Manchester Building and Loan Association against James Shuart, John R. Lee, William T. Gutherson, John J. Post and William H. Rogers to recover the amount alleged to be due under the terms and conditions of a certain agreement of guaranty under seal, made, executed and delivered by the defendants below to the plaintiff below, bearing date November 13th, 1900.

At the trial at the Passaic Circuit it appeared that the Squaw Lake Ice Company borrowed from the Manchester Building and Loan Association the sum of $18,000, secured by a mortgage.   The defendants agreed by the contract of guaranty that, if the Squaw Lake Ice Company should default in its payments on the mortgage, thereby necessitating foreclosure, that they would pay the full amount due, together with all costs incurred by the foreclosure; and the Manchester Building and Loan Association agreed on its part that, upon such payment, it would convey the property to the defendants.   The ice company defaulted in its payments, a foreclosure followed, the property was bought in by the building and loan association, a deed was tendered to the defendants, and demand was made that they comply with their guaranty.   Upon failure to comply with the demand, suit was brought.

Mr. Justice Pitney, before whom the issue was tried, refused a motion to nonsuit, and at the close of the evidence directed a verdict for the plaintiff for the sum of $18,561.66. Exceptions were duly taken and allowed, and the assignments of error present the question of the propriety of these rulings by the trial justice.

Substantially all of the questions raised by the assignments of error can be considered under the assignments which challenge the correctness of the refusal of the trial justice to nonsuit the plaintiff.

The motion to nonsuit was put upon the ground that the

plaintiff had neglected to foreclose its mortgage with reasonable speed.

As we understand the position of the defendants, they contend that the building and loan association neglected to foreclose their mortgage with reasonable speed, and at a time when the Squaw Lake Ice Company was solvent, and that, for this reason, liability under the guaranty ceased.

We think this contention cannot prevail.

The agreement under which the suit was brought must be regarded, as it was regarded by the trial justice, as an absolute guaranty of payment. *Hoey* v. *Jarman,* 10 *Vroom* 523; *S. C., on error,* 11 *Id.* 379; *Wilkinson-Gaddis Co.* v. *Van Riper,* 34 *Id.* 394; *Roberts* v. *Riddell,* 79 *Pa. St.* 468.

In case of an absolute guaranty mere delay to require payment, without any binding contract extending the time for payment, and without fraud, will not discharge the surety. *Wooley* v. *Sergeant,* 3 *Hal.* 262; *Pintard* v. *Davis,* 1 *Zab.* 632; *Hoey* v. *Jarman, supra; S. C., on error, supra; Wilkinson-Gaddis Co.* v. *Van Riper, supra; Pleasantville Loan Society* v. *Moore,* 41 *Vroom* 306; *Grier* v. *Flitcraft,* 12 *Dick. Ch. Rep.* 556.

Reviewing the testimony, we find no evidence of any binding contract extending the time for payment, and no evidence of fraud, and we think, therefore, that the trial justice was right in applying the rule stated.

We have examined with care the amounts which the trial justice stated should enter into the sum for which the verdict should be rendered, and find no error therein.

The result is that the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, SWAYZE, REED, TRENCHARD, BOGERT, VROOM, GREEN, GRAY, DILL, J.J. 14.

*For reversal*—None.