## HUGH W. ADAMS AND BENJAMIN H. ADAMS v. ELIZABETH C. GRADY.

Argued November Term, 1908—Decided February 25, 1909.

1. A declaration which sets out that the defendant employed the plaintiff to sell real estate, and a promise by the defendant to pay for such services, need not set out that the authority for selling and a statement of the rate of commission for the selling were in writing. The statutory requirement of such writing is a matter of evidence only.

2. Counts will only be struck out upon the ground that they cover the same matter as other counts, when it is apparent that the counts are without substantial difference, or so long and numerous as to be vexatious.

On demurrer to the first and third counts of a declaration, and on a motion to strike out the second count. The argument of the demurrer and the motion heard together.

Before Justices REED, BERGEN and MINTURN.

For the plaintiffs, *Hugh B. Reed.*

For the defendant, *Hartshorne, Insley & Leake.*

The opinion of the court was delivered by

REED, J. The first count to which a demurrer is interposed declares that the defendant in New York, to wit, at Jersey City, was indebted to the plaintiffs for work and labor performed by the plaintiffs at the request of the defendant by a negotiation, arrangement and completion of a sale of certain real property of the value of $67,000 and for commissions due to the plaintiffs in respect thereof, and for other work and labor performed in and about the said property and other business of said defendant at her special insistence and request, and for divers journeys and other attendance by said plaintiffs performed about the same business and other business by said defendant, and being so indebted she promised to pay $4,000 when requested.

The third count set out a consideration that the defendant should pay the plaintiffs a commission of two and one-half per centum upon the selling price of a certain piece of property of the said defendant, the plaintiffs agreeing to negotiate, arrange and procure the sale of the said property to a certain purchaser for the sum of $67,000; that in consideration of the premises said plaintiffs performed certain services, paid certain expenses about the negotiation and consummation of such sale, and did make such sale for said sum.

The single ground of the demurrer discussed in the brief of counsel for the defendant, the demurrant, is that the counts allege a contract to pay commissions for the negotiation and sale of real estate, but do not allege that there was any writ-

ten authority to make such sale, or any statement of rate of commission for such services.

This insistence is based upon the act which declares that no broker or real estate agent selling or exchanging land for or on account of the owner, shall be entitled to any commission for the sale or exchange of any real estate, unless the authority for selling or exchanging such land is in writing, signed by the owner or his authorized agent, and the rate of commission on the dollar shall have been stated in such authority. *Gen. Stat., p.* 1604, § 10.

Assuming that, on the trial of the case, the contracts set out in the declaration would be unprovable without the written authority and statement mentioned in the statute, nevertheless the plaintiffs were not obliged to declare that the authority and statement was in writing. The right to bring an action for services in negotiating the sale of property at the request of the owner was not created by this statute. It existed at common law. The statute only requires that evidence of the request and authorization must be in writing, and that the rate of compensation shall also be fixed by the writing.

So far as affects the declaration setting up such a contract, the law presumes that the contract declared on, if required to be in writing by the statute, was in writing. The statute of frauds merely introduces a new rule of evidence, and does not alter or affect the rule of pleading. 1 *Chit. Pl., marg. p.* 222; *Wilkinson-Gaddis & Co.* v. *Van Riper,* 34 *Vroom* 394; *Whitehead* v. *Burgess,* 32 *Id.* 75.

Nor is it perceived how the requirement of authority to act for the defendant as agent or broker shall be in writing, differs from the requirement that any other contract shall be evidenced by writing. The suggested distinction that the statute requires a written authority as a condition precedent to the contract is not substantial. The writing is evidence of the contract itself, which consists of the employment of an agent to do certain work for his employer, and the amount he is to be paid for that work when executed.

We think there must be judgment for the plaintiffs on the demurrer to the first and third counts.

The motion to strike out the second count we think must be denied.

The count itself is not frivolous or irregular. The only point urged, that seems available on this motion, is that the count is useless, because it covers the same ground as the fourth count and the common counts. The practice of setting out the same causes of action in several counts is usual, and only when the number of counts is great, and of considerable length, and the distinction between them unsubstantial, and it is apparent that they are vexatiously inserted, that the court exercises its discretion in striking them out. 1 *Chit. Pl.* 409.

We think there is nothing in the frame of the several counts in this declaration which justifies the striking out of the second count as redundant.