### FURTH v. FARKASCH

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8066. Decided May 23, 1927

**257. COMMISSION—An oral agreement between real estate agents to divide commissions is not within the Statute of Frauds.**

First Publication of this Opinion

VICKERY, J.

This cause comes here on error from the Cleveland Municipal Court. George W. Furth brought an action to recover on a contract in which he set forth that he and Oscar Farkasch entered into an agreement, whereby for a good consideration, a sort of partnership relation was created between them, which permitted Furth to share in the money realized from commissions for the sale of real estate that had been carried into execution by Farkasch. He set up in his statement of claim the agreement and the fact of the amount of money that had been earned by Farkasch to which he was entitled by virtue of the agreement to a pro rata share and asked for judgment.

Farkasch in the lower court demurred upon the ground that the cause of action related to commissions growing out of the sale of real estate and was, therefore, within the statute of frauds and the contract not having been in writing, it was unenforcible.

The demurrer interposed was sustained and the judgment was entered against Furth. The Court of Appeals held:

1. The sole and only question before the court was and no wise is the partnership relation, whether it is a general partnership or a particular partnership, or an agreement to share profits or receipts of a common enterprise between two individuals, the earnings of which enterprise accrue from commissions earned in the sale of real property, within the statute of frauds, and that before either of the so-called partners can recover, must the contract be in writing?

2. It must be remembered that the commission referred to in this statement of claim had been earned and it is suppositional that the contract with the owner of the real estate for the commission, was in writing.

3. This is immaterial because the statement of claim merely states that money has been drawn by Farkasch and that he had violated his contract by not paying a part of it to Furth.

4. This form of contract does not come within the statute of frauds and the statute recently passed with reference to real estate commissions did not apply to this sort of contract; but it provided for contracts where a real estate agent sought to hold the owner or lessor of real property for the commission for selling it.

Judgment reversed.

(Sullivan, PJ., and Levine, J., concur.)

Attorneys—Soltz & Morris for Furth; H. D. Leach for Farkasch; all of Cleveland.