McHUGH v. MARSHALL.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8475. Decided Apr. 23, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**REAL ESTATE.**

(510 B2e) An oral agreement between a real estate broker and another whereby the latter is to furnish prospective buyers to the former for one-half the commission earned, is not an agreement within the Statute of Frauds, 8621 GC., requiring all agreements for commissions for sale of real estate to be in writing.

Error to Common Pleas.

Judgment reversed.

John H. Collins, Cleveland, for McHugh.
Lamb, Vaughn & Krauss, Cleveland, for Marshall.

#### STATEMENT OF FACTS.

The plaintiff sues for a division of commission for the sale of real estate and the defense is set up that because the agreement was oral that under Section 8621 of the General Code of Ohio that there can be no recovery.

On April 14, 1926, a demurrer by defendant to the petition was overruled and leave was granted to defendant to plead by May 29, 1926. Thereupon defendant filed an answer in the form of a general denial and when the case came to trial, orally interposed a demurrer and after hearing the argument the same was sustained so that this final ruling is here for consideration.

SULLIVAN, PJ.

In order to determine the question it is necessary to examine the petition. We find upon analysis thereof that the vital averment is that on the 7th day of February, 1926, Margaret McHugh entered into an oral agreement with defendant, Marshall, whereby she was to furnish the defendant with prospective buyers for real estate which the defendant was selling, and that as the consideration thereof, defendant agreed to pay the plaintiff one-half of whatever commission that was received from the sale of property purchased by prospective buyers furnished by plaintiff. It was then averred that in pursuance to the agreement she furnished a prospective buyer who on the 16th day of February, 1926, purchased the dwelling house from the owner thereof for the sum of $14,500.00. It was then averred that as a commission for this sale, defendant Marshall received the sum of $362.50 and one-half of this is claimed by plaintiff by virtue of the contract which she sets forth as above, in her petition.

As a result of the analysis of the allegations of the petition we find that the contract sued upon was the furnishing the defendant with prospective buyers of real estate, and as a consideration for thus furnishing prospective buyers she was to have one-half of the commission which the defendant received. Thus it is clear that plaintiff is not suing for a commission on an oral contract in the face of the Statute of Frauds as amended but is suing for the value of her services in furnishing a prospect for the purchase of real estate. The commission for the sale of the real estate was paid to the agent or broker and thus the transaction relating to the commission itself involved only the broker, Marshall, and the owner of the real estate, who was in no manner a party to the relationship which existed between plaintiff and defendant in regard to furnishing prospective buyers, and in no way was obligated for the payment of any portion of the commission to plaintiff, and as before noted the plaintiff does not rest her rights upon any such claim but sues because she furnished a buyer according to her contract with Marshall who finally negotiated and consummated the deal between the owner and the purchaser.

It is plain from this aspect of the case which is based upon the specific allegations of the petition that Section 8621 of the General Code relating to the necessity of written contracts for the payment of commissions on the sale of real estate does not apply because the petition in theory and fact is not built upon such a basis. The sum of $362.50 ceased to be a commission for the sale of the real estate at the consummation of the contract and upon the payment thereof, but thereafter it lost its character as a commission and became the private funds of Marshall and whatever was due Margaret McHugh was not by way of a commission but because of the fulfillment of her contract with Marshall as stated in her petition.

Hence it is our judgment that error was committed in sustaining the demurrer and overruling the motion for a new trial.

In a similar case to the one at bar, known as Furth v. Farkasch, decided by this Court May 23, 1927, and reported in 26 O. App. Rep. p. 181, the court held in line with our judgment in this case. In the opinion in that case, written by Vickery, J., we note the following excerpt:

"An oral agreement between real estate agents for a divided commission is not within the Statute of Frauds."

We do not think that the claim of partnership relation in the case just cited, makes any substantial distinction between the case at bar and the one from which we are quoting.

Thus holding, the judgment of the lower court is hereby reversed, and cause remanded. (Vickery and Levine, JJ., concur.)