Jones, J.
 

 Section 8621 of our statute of frauds provides that “no action shall be brought whereby to charge the defendant * * * upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate,” unless
 
 *3
 
 the agreement or memorandum thereof is in writing and signed by the party charged, etc.
 

 It is not contended that an action will lie for a commission upon an oral contract between an owner and real estate broker, but is rather conceded that no such action will lie. It is urged, however, that our statute should not be construed so as to prevent an action founded upon an oral promise of the broker to pay a commission to another who procures a purchaser for property listed with the broker for sale.
 

 It is urged by counsel for plaintiff in error that our statute is designed only for the protection of real estate owners against unfounded claims of brokers, and that it should not be so extended as to cover oral agreements between brokers and their own agents for a share of the commission. Under the peculiar provisions of the statute of frauds of Oregon, Washington, and California, each of which has a statute relating to commissions, but unlike ours, the right of recovery upon an oral promise made between the broker and his agents is sustained upon the theory that the state statute applies only to agreements between an owner and broker, and does not apply to contracts between brokers to divide commissions with a third person.
 
 Sherman
 
 v.
 
 Clear View Orchard Co., 74
 
 Ore., 240, 145 P., 264;
 
 Jones
 
 v.
 
 Kehoe,
 
 61 Wash., 422, 112 P., 497;
 
 Gorham
 
 v.
 
 Heiman,
 
 90 Cal., 346, 27 P., 289.
 

 Counsel for plaintiff in error, in support of his contention, also cites the following cases:
 
 Provident Trust Co.
 
 v.
 
 Darrough,
 
 168 Ind., 29, 78 N. E., 1030;
 
 Phy
 
 v.
 
 Selby,
 
 35 Idaho, 409, 207 P., 1077. The Indiana and Idaho statutes of frauds pertaining to con
 
 *4
 
 tracts for commissions bear exact similarity, but the statutes of those states plainly indicate that the contracts for commission made invalid are contracts “signed by the owner” or his representative.
 

 Our attention has been called to one state only which has a statute containing provisions similar to ours own, covering contracts for commissions. That state is Michigan. The Michigan statute (3 Comp. Laws, 1915, Section 11981) provides that “every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate” shall be void unless in writing, etc. The Supreme Court of Michigan, construing this statute, held that it applied to commission contracts between others as well as between an owner and his broker, and that oral agreements for division of commission are invalid and must be in writing.
 
 Smith
 
 v.
 
 Starke,
 
 196 Mich., 311, 162 N. W., 998;
 
 Renaud
 
 v.
 
 Moon,
 
 227 Mich., 547, 198 N. W., 895. The Michigan statute was adopted in 1913 and was so construed by the Supreme Court of Michigan in 1917. Our Ohio statute of frauds, amended to include real estate commissions, became effective July 9, 1925. Therefore when the Ohio Legislature, in 1925, substantially adopted the Michigan statute, it is presumed that the construction of the statute by the Supreme Court of that state was likewise adopted.
 
 Gale
 
 v.
 
 Priddy,
 
 66 Ohio St., 400, 406, 64 N. E., 437.
 

 We are of the opinion that the Ohio statute employs terms that are clear and unambiguous; it contains neither limitations nor exceptions. It is impossible to construe the statute otherwise, since to do so would nullify its plain purport. We are there
 
 *5
 
 fore unable to construe it so as to apply to a contract between an owner and broker only, as it declares without qualification that no action shall be brought upon an agreement to pay any commission for or upon the sale of any interest in real estate. Had the Legislature intended to limit the statute to contracts between brokers and owners only, it would have employed language to that effect. Were the contract between the broker and his agent one, not to divide or pay a commission for procuring a purchaser, but to pay for services rendered, without contemplating the payment of a commission founded upon the sale, such a contract evidently would not be within the statute. But here was a promise to pay one-half of the commission; the contract was based upon the amount of the commission received, and was dependent upon special brokerage services rendered in producing a purchaser, for which an agreed commission was to be paid. The decision in
 
 McHugh
 
 v.
 
 Marshall,
 
 30 Ohio App., 225, 164 N. E., 778, is at variance with our views upon the subject, añd we are unable to find ourselves in accord with that decision; nor do we think that the owner’s execution of the contract, by payment of the commission to the broker, prevents the operation of the statute.
 

 The judgments of the lower courts are affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Matthias, Day and Allen, J j., concur.