## GOEN et al. v. HAMILTON.

### No. 5386.

Court of Civil Appeals of Texas. Amarillo.

Jan. 26, 1942.

232

John Stapleton and Ayres & Ayres, all of Floydada, for appellants.

Brannan & Tipps, of Wichita Falls, for appellee.

FOLLEY, Justice.

This suit was filed by the appellants, A. C. Goen and M. P. Goen, real estate brokers, against the appellee, P. C. Hamilton, to recover a brokerage commission in the sum of $600 alleged to have been due the appellants in connection with the sale of a section of land belonging to the appellee.

The appellants alleged substantially that they were duly authorized and licensed real estate dealers and salesmen under the laws of Texas; that on or about March 27, 1940 the appellee requested appellants to find and procure a purchaser of the land at $19 per acre or for a price acceptable to appellee; that appellee then and there placed and listed said land with appellants for sale, agreeing and promising to pay them a commission of 5% of the purchase price; that on or about April 2, 1940 the appellants did procure a purchaser for such land who did in fact purchase the land from the appellee on April 8, 1940 on terms satisfactory to the appellee; and that they were the procuring cause of the sale whereby appellee became bound and liable and promised and agreed to pay them the 5% commission on the purchase price, amounting to $600, for which they prayed judgment. Other than that which may be implied from these allegations, there were no express allegations as to whether the brokerage contract was written or oral.

The appellee answered by the general issue and by what was termed two special exceptions. The general demurrer, as so denominated, was overruled. One of the so-called special exceptions was overruled and the other sustained. The one sustained, in our judgment, amounted to a general demurrer. Upon appellants' refusal to amend, the court dismissed the suit.

The exception sustained by the court was as follows: "Defendant excepts especially to said petition because nowhere does the Plaintiffs allege, with particularity, any agreement made to this Defendant as to the sale of the land involved in this suit, nor does it state whether the contract was oral or in writing, nor does it give this Defendant notice of the type and kind of proof he will be required to meet under said allegations, and that therein and thereby the said petition is vague, indefinite and is not specific in any detail, and of this he prays the judgment of the court."

The only basis for the court's sustaining the above exception and dismissing the suit upon appellants' refusal to amend was upon the theory that under the provisions of the Real Estate Dealers License Act, Art. 6573a, Vernon's Ann.Civ.Statutes, it was necessary for the appellants to allege a brokerage contract in writing as a condition precedent to bringing the suit. Naturally this theory is appellee's contention in this court, while the appellants contend that such matter is one of evidence and not of pleading. The point thus involved seems to be one of first impression in this jurisdiction.

Sec. 22 of the Real Estate Dealers License Act contains the following provision: "No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement up-

on which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized."

■ From an examination of Art. 3995, Vernon's Ann.Civ.Statutes, commonly referred to as our statute of frauds, it is apparent that the above language from section 22 of the Real Estate Dealers License Act was copied literally from the statute of frauds with the additional clause making it specifically applicable to real estate commission contracts. Therefore, the decisions as to the pleadings in this respect under the statute of frauds would at least be persuasive here unless some good reason exists for a different rule.

In Lewis v. Alexander, 51 Tex. 578, 585, our Supreme Court said: "It is a rule of pleading, and which has been repeatedly recognized by this court, that even contracts which, by the statute of frauds, are required to be in writing, need not be thus averred, this being a question of evidence, not of pleading."

In Gonzales v. Chartier, 63 Tex. 36, 37, the same Court again said: "Moreover, although the contract be such as comes within this provision of the statute of frauds, the pleading that declares upon it need not allege the agreement to have been in writing; that is matter for proof upon the trial of the cause, and not ground of demurrer to the pleading."

Also, in Cross v. Everts, 28 Tex. 523, 524, 531, we find this language: "It is well settled that the statute of frauds has made no alteration in the rules of pleadings, and that it is not necessary to state in the petition that the contract or agreement for the sale of lands is in writing; and when such contract or agreement is declared upon generally, without stating whether it is in writing or not, it will be presumed to be in writing. The statute simply prescribes as a rule of evidence that, in all cases where such contracts are sought to be enforced, oral proof shall not be received, but that they must be established by written evidence."

This same rule was in effect re-announced by this court in Street v. Johnson et al., 96 S.W.2d 427, in an opinion by the late Justice Martin.

■■ It will thus be seen that it is settled in this State that a pleading declaring upon a contract coming within the statute of frauds is not subject to an exception because of the failure to allege the agreement to have been in writing. 33 Tex.Jur. 437, Para. 22. With equal soundness we think the same rule would apply to a suit of this sort coming under the provisions of the Real Estate Dealers License Act, which in some respects is merely an extension of the statute of frauds. This is particularly true because the Act as a whole nowhere specifically provides that such allegations shall be made, yet, in section 13 of the same Act it is provided that no broker suing for such commission shall "bring or maintain" such an action without alleging and proving that he was a duly licensed real estate dealer or salesman. If the Legislature had intended that it should also be alleged that the contract was in writing, it would, no doubt, have so provided in section 13 or elsewhere in the Act. At any rate, since the brokerage contract is required by law to be evidenced by writing, under the above allegations the presumption prevails that it was in writing.

Although we are apparently without precedent in this State in our conclusion above, we are not unsupported by authorities from other jurisdictions. Under a similar law in New Jersey the Supreme Court of that State in Adams et al. v. Grady, 77 N.J.L. 301, 72 A. 55, disposed of a similar question in this language: "Assuming that, on the trial of the case, the contracts set out in the declaration would be unprovable without the written authority and statement mentioned in the statute, nevertheless the plaintiffs were not obliged to declare that the authority and statement was in writing. The right to bring an action for services in negotiating the sale of property at the request of the owner was not created by this statute. It existed at common law. The statute only requires that evidence of the request and authorization must be in writing, and that the rate of compensation shall also be fixed by the writing. So far as affects the declaration setting up such a contract, the law presumes that the contract declared on, if required to be in writing by the statute, was in writing. The statute of frauds merely introduces a new rule of evidence and does not alter or affect the rule of pleading. 1 Chitty on Pleading, marg. p. 222; Wilkinson-Gaddis & Co. v. Van Riper, 63 N.J.L. 394, 43 A. 675; Whitehead v. Burgess, 61 N.J.

234

L. 75, 38 A. 802. Nor is it perceived how the requirement of authority to act for the defendant as agent or broker shall be in writing differs from the requirement that any other contract shall be evidenced by writing. The suggested distinction that the statute requires a written authority as a condition precedent to the contract is not substantial. The writing is evidence of the contract itself, which consists of the employment of an agent to do certain work for his employer, and the amount he is to be paid for that work when executed." To the same effect is Case v. Ralph, 56 Utah 243, 188 P. 640.

█ We therefore conclude the court erred in sustaining the exception and dismissing the suit. However, if the agreement sued upon herein was actually not evidenced by memorandum or writing signed by the appellee or his representative as provided in the Act in question, our decision in this respect may be of little comfort or benefit to the appellants, provided we are correct in our decision of January 12, 1942 in the case of Landis et al. v. W. H. Fuqua, Inc., 159 S.W.2d 228. That was another case of first impression in Texas and we there held that the appellant broker who sued for .such a commission, and who pleaded an oral contract therefor, was not entitled to recover either upon the oral contract or upon a quantum meruit and that his petition was subject to a general demurrer. Therefore, upon another trial if it is shown that the contract was wholly oral, and thus not in conformity to the provisions of section 22, no recovery should be allowed. This rule seems to be unanimous in all the jurisdictions which have passed upon the question. A few of such authorities from the various States are as follows: Keith et al. v. Smith et al., 46 Wash. 131, 89 P. 473, 13 Ann.Cas. 975; McMurran v. Duncan, 17 Ariz. 552, 155 P. 306; Cohen v. P. J. Spitz Company, 121 Ohio St. 1, 166 N.E. 804, 64 A.L.R. 1421; McCarthy v. Loupe, 62 Cal. 299; McPhail v. Buell, 87 Cal. 115, 25 P. 266; Watson v. Odell, 58 Utah 276, 198 P. 772, 20 A.L.R. 280; Zimmerman et al. v. Zehender, 164 Ind. 466, 73 N.E. 920, 3 Ann.Cas. 655; Blair v. Austin et al., 71 Neb. 401, 98 N.W. 1040; Sorenson v. Smith, 65 Or. 78, 129 P. 757, 131 P. 1022, 51 L.R.A.,N.S., 612, Ann.Cas. 1915A, 1127; Stout v. Humphrey, 69 N.J.L. 436, 55 A. 281; King v. Benson, 22 Mont. 256, 56 P. 280; Paul v. Graham et al., 193 Mich. 447, 160 N.W.

616; Morris v. O'Neill, 239 Mich. 663, 215 N.W. 8; Weatherhead v. Cooney, 32 Idaho 127, 180 P. 760; Hale et al. v. Kreisel et al., 194 Wis. 271, 215·N.W. 227, 56 A.L.R. 780.

The judgment is reversed and the cause remanded.