## NICHOLS v. ANDERSON.

### No. 5442.

Court of Civil Appeals of Texas. Amarillo.

June 15, 1942.

Rehearing Denied Sept. 7, 1942.

H. H. Cooper, of Amarillo, for appellant.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellee.

FOLLEY, Justice.

This is an appeal by T. G. Nichols from an order sustaining a motion to dismiss his suit, in which motion the sufficiency of his petition was attacked. The appellant sued the appellee, A. R. Anderson, for damages alleged to have been sustained by reason of appellee's breach of an agreement made with appellant in connection with appellee's purchase of the royalty interest in 178.8 acres of land in Hutchinson County.

The appellant alleged, in substance, that he and the appellee were each engaged in the oil and gas business, handling leases in the Panhandle of Texas; that in 1941 appellant informed appellee that he knew of a profitable royalty interest for sale in certain lands in Hutchinson County but that the owners would not deal with him; that he informed appellee such royalty would cost about $350 per acre but that it could be resold at a profit of $25 to $50 per acre; that appellee indicated his interest in the

royalty and his willingness to enter into said transaction; that appellee agreed with appellant to purchase the royalty and that the same would be sold by them and the profits realized would be divided equally between them; that appellant then informed appellee the royalty was owned by the McIlroy Oil Company; that upon learning of the ownership of the royalty appellee informed appellant that he was acquainted with said lands and might want to keep the royalty if it could be purchased; that thereupon it was agreed between appellant and appellee that if the latter desired to keep such royalty, if purchased, appellant would have the right to acquire 25 acres of the royalty at the same price at which it was purchased and in addition thereto appellee would pay appellant on the remainder of the royalty retained by him a sum equal to five per cent commission on the purchase price thereof; that such contract having been definitely made and agreed to, negotiations were begun immediately with the McIlroy Oil Company for appellee to meet with said owners and attempt to purchase such royalty by arranging interviews and fixing the time for appellee to meet with the officers of the company to discuss the purchase thereof; that appellee, in response to, and in keeping with, the agreement made for such meetings by appellant with the owners and their agents, immediately met such engagements and began negotiations with the McIlroy Oil Company which resulted in the appellee's offering the McIlroy Oil Company $300 per acre for the 178.8 acres of royalty; that some few days later, on or about April 22, 1941, the McIlroy Oil Company agreed to accept appellee's offer; that a deed of conveyance was thereafter received from such company by appellee, conveying the 178.8 acres of royalty to him; that after such purchase appellee repudiated his agreement with appellant and advised appellant that he did not intend to sell the royalty or recognize the interests of appellant therein; that such royalty was of the reasonable value of $375 per acre and could be readily sold at such price which would net a profit of $13,400, one half of which belonged to appellant; and that by the terms of the contract appellee would have the right to retain such royalty if he desired to do so, but he would be obligated to transfer and assign to appellant 25 acres of the same at the original purchase price of $300 per acre and to pay appellant a five per cent commission on the remainder of the royalty. The appellant prayed for judgment for $6,700 as his share of the profits that could be realized by a resale of the royalty or, in the alternative, for judgment for the title and possession of 25 acres of such royalty upon his payment of $300 per acre therefor, and for $2,295 for the commission due and payable on that portion of the royalty retained by appellee.

The appellee filed a motion to dismiss the suit because the appellant had failed to allege a cause of action. As grounds for such motion appellee alleged that the petition of appellant showed on its face that appellant was acting as a real estate dealer within the meaning of Article 6573a, Vernon's Ann.Civ.St.; that it was a suit to recover compensation or other valuable consideration for services allegedly performed in violation of Section 2 of such Article; that appellant wholly failed to allege he was a duly licensed real estate dealer or salesman as required by Section 13 of the Article; that there was no allegation that the alleged promise or agreement sued upon was in writing; and that such alleged contract, being an oral one for the acquisition of an interest in land, was in violation of the statute of frauds and unenforcible. This motion was sustained and, upon appellant's refusal to amend, the cause was dismissed.

The appellant contends that the contract sued upon was not one to recover commissions or compensation for the sale of real estate, but that he is seeking recovery for damages for appellee's breach of the contract and agreement to purchase the land in a joint adventure with appellant for the benefit of both parties, and that such suit is not affected by the Real Estate Dealers License Act or by the statute of frauds.

Other than that which may be presumed or implied from the above recitations from appellant's petition, there are no express allegations as to whether the agreement sued upon was written or oral. We think it is settled, however, that although the contract comes within the statute of frauds the pleading need not allege the agreement to have been in writing, this being a matter of proof and not of pleading; and it is the further rule that when such a contract is declared upon generally, without stating whether it is in writing or not, it will be presumed

to be in writing. Lewis v. Alexander et al., 51 Tex. 578, 585; Gonzales et al. v. Chartier, 63 Tex. 36, 37; Cross v. Everts, 28 Tex. 523, 524; Goen et al. v. Hamilton, Tex.Civ.App., 159 S.W.2d 231. Under such rules we must therefore presume that the contract herein declared upon was in writing. The court having dismissed the suit by reason of the alleged insufficiency of the pleadings, we must also assume the truth of the facts alleged and resolve every reasonable intendment in favor of the sufficiency of the appellant's petition. Sanderson v. Sanderson, 130 Tex. 264, 109 S.W.2d 744. Of course, our conclusions hereinafter expressed are governed by this rule and are not to be construed as findings of fact upon the merits of the case.

■ It is apparent from the above allegations of appellant that two distinct agreements were made between the parties. The first was to divide the profits in the event the property was resold. The second was that if appellee desired to retain the royalty he agreed to transfer 25 acres thereof to appellant at the same price at which it was purchased from the McIlroy Oil Company, and to pay appellant a sum equal to a five per cent commission on the remainder retained by appellee. In view of the further allegations to the effect that appellee had refused to sell the royalty or to recognize the rights of appellant therein, we think the first agreement as to the division of profits from a resale of the royalty passes out of the case, and appellant is thus relegated to the second agreement relative to the transfer of the 25 acres from appellee and to the collection of the five per cent commission on the remainder of the royalty. The royalty not having been resold, there are no profits to divide and there could thus result no joint adventure with reference to profits. 30 Amer.Jur. 681, par. 7. In this connection, however since we must reverse the judgment for reasons hereinafter stated, we make the observation that if the royalty should be sold at a profit the weight of authority is to the effect that a contract for joint adventure in the purchase and sale of real estate and division of the profits is not within a statute making unenforcible every agreement or contract for the sale of real estate which is not in writing, so as to defeat a suit for accounting of profits. Hoge v. George, 27 Wyo. 423, 200 P. 96,

18 A.L.R. 469; 25 R.C.L. 540, par. 130; 27 C.J. 222, par. 208; Parriss et al. v. Jewell et ux., 57 Tex.Civ.App. 199, 122 S.W. 399, writ refused; Lanier v. Looney, Tex.Civ.App., 2 S.W.2d 347, writ refused; Martin v. Morrison et al., Tex.Civ.App., 260 S.W. 893, and authorities cited. But since the second contract herein, upon which appellant under the present pleadings must necessarily rely, is not such a joint adventure embracing the theory of a division of profits, we shall therefore direct our attention solely to the law applicable to this second agreement.

■ In so far as the collection of the five per cent commission is concerned, we are of the opinion the petition does not state a cause of action. Section 2(a) of Article 6573a, which is the Real Estate Dealers License Act, provides, among other things, that the term "Real Estate Dealer" shall include every person or company "who for another or others for compensation or other valuable consideration, or who with the intention or in the expectation or upon the promise of receiving or collecting compensation or other valuable consideration, lists for sale, sells, exchanges, buys, or rents, or offers, or attempts, or agrees to negotiate a sale, exchange, purchase, or rental of an estate or interest in real estate, * * * or assists or directs in the procuring of prospects, or the negotiation or closing of any transaction which does or is calculated to result in the sale, exchange, leasing, or renting of any real estate, * * * or otherwise deals in options on real estate * * *." Under appellant's allegations wherein he presumably assisted in the negotiations for the sale, we think this quoted provision would place him in the category of a "Real Estate Dealer" in so far as the five per cent commission is concerned, and his recovery of any commission or compensation from the sale to appellee would be subject to the provisions of this Act. Section 13 of the Act provides that no person or company shall bring or maintain any suit for the collection of compensation without alleging that such person or company was a duly licensed real estate dealer or salesman at the time the alleged cause of action arose. No such allegation was made, which omission we think was fatal to the claim asserted for the commission which necessarily constituted compensation for services rendered under Section 2, Subdivi-

sion (a) of the Act. Moreover, since we must reverse this case upon another ground, we make the further observation that, if upon another trial the controversy is again resolved into a suit solely upon the second contract, no recovery should be allowed for such commission if the agreement is shown to have been wholly oral. Landis et al. v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S.W.2d 228, writ refused; Goen et al. v. Hamilton, Tex.Civ.App., 159 S.W.2d 231; Cohen v. P. J. Spitz Co., 121 Ohio St. 1, 166 N.E. 804, 64 A.L.R. 1421.

With reference to the agreement to convey the 25 acres of royalty to appellant, a different question is presented. Whether the parties were joint adventurers or not, appellant has alleged an agreement whereby appellee agreed to transfer to him 25 acres of the royalty at the price paid the McIlroy Oil Company which was allegedly $300 per acre. This portion of the contract is an agreement to convey land in the future and, under the reasonable intendment rule in a case of this sort in favor of the sufficiency of the pleadings, we think the agreement to transfer the royalty in the future is supported by a valid consideration in that appellant was to contribute his services to the undertaking. Hoge v. George, 27 Wyo. 423, 200 P. 96, 18 A.L.R. 469. Assuming that the agreement was in writing, as under this record we must, this portion of the contract, in our opinion, would not be affected by the Real Estate Dealers License Act or by the statute of frauds. Such being true, it follows that the court erred in sustaining the motion to dismiss. In view of another trial, however, we make the further observation that if this contract to convey royalty in the future was oral, under the present allegations it is unenforcible. Hooks et al. v. Bridgewater, 111 Tex. 122, 299 S.W. 1114, 15 A.L.R. 216.

The judgment is reversed, and the cause remanded.