## ENFIELD REALTY & HOME BLDG. CO. et al. v. HUNTER et al.

### No. 9437.

Court of Civil Appeals of Texas. Austin.

April 12, 1944.

Emmett Shelton, of Austin, for appellants.

Ike D. White and H. Grady Chandler, both of Austin, for appellee Walter Hunter.

David L. Tisinger, of Austin, for appellee John Gilbert.

BLAIR, Justice.

Appellee John Gilbert sued appellants, Enfield Realty & Home Building Company and E. B. Thomas, for services rendered in procuring a purchaser of their real property, alleging that appellants agreed to pay him the reasonable value of such services and expenses. The jury found that appellants knew appellee expected a commission on the sale at the time the deed to the property was executed and delivered; and that the reasonable value of appellee's services in procuring the sale was $367.50. Judgment was accordingly rendered for appellee; hence this appeal.

The contention made by appellants is that the contract testified to by appellee was oral or implied, and therefore in violation of Sec. 22 of Art. 6573a, Vernon's Ann.Civ.Sts., which requires that a contract for the payment of the commission of a real estate broker shall be in writing. The record fails to show that appellants invoked the statute as a defense during the trial either by pleadings or proper objection to the evidence of the contract as being in violation of the statute.

Appellee did not allege whether the agreement was oral or in writing. Appellants filed no answer to the suit of appellee until after the evidence was all in and after appellee had moved for judgment nihil dicit, which motion was overruled; and over objection appellants were allowed to file a general denial. At no time did appellants specifically plead as a defense that the contract relied upon by appellee was oral and therefore in violation of the provision of Sec. 22 of Art. 6573a. The first time such specific contention was called to the attention of the court was when appellants filed their motion for judgment non obstante veredicto and their motion for a new trial.

Sec. 22 of Art. 6573a is but an extension of the statute of frauds to contracts for the payment of a real estate broker's commission; and as a defense the statute must be specifically pleaded. Landis v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S.W.2d 228, writ refused; Goen v. Hamilton, Tex. Civ.App., 159 S.W.2d 231; Nichols v. An-

derson, Tex.Civ.App., 164 S.W.2d 268, writ refused W/M. Rule 94, Texas Rules of Civil Procedure, as interpreted by the Rules Committee (6 T.B.J. 308, No. 99) and the courts, requires a party to affirmatively plead the statute of frauds as a defense, its purpose being to 'require the defendant to state in his pleadings what his defense will be, if it is any of the matters referred to in the rule, so as to give the plaintiff an opportunity of knowing what character of proof he may need to meet the defense plead. Reid v. Associated Employers Lloyds, Tex.Civ.App., 164 S.W.2d 584, error refused; and Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, writ refused. Appellants did not specifically plead the statute of frauds applicable to contracts for a real estate broker's commission.

Appellants cite the holding in the Goen and Nichols cases, supra, that Sec. 22 of Art. 6573a is but an extension of the statute of frauds to contracts for the payment of commissions of real estate brokers, and seek to apply the rule of prior decisions arising under the statute of frauds, to the effect that a defendant may invoke the statute as a defense by specific objection to evidence of the contract within the statute, even though his only pleading is a general denial, citing, among others, the cases of Central Nat. Bank of San Angelo v. Cox, Tex.Civ.App., 96 S.W.2d 746; and International Harvester Co. v. Campbell, 43 Tex.Civ.App. 421, 96 S.W. 93. At no time during the trial or prior to the verdict of the jury did appellants object to the evidence of the contract upon the specific ground that it was oral and therefore in violation of Sec. 22 of Art. 6573a. The only objection made to the evidence of the contract was that it was "immaterial, irrelevant, and could not form the basis for a valid judgment." This general objection is no objection at all. Capitol Hotel Co. v. Rittenberry, Tex.Civ. App., 41 S.W.2d 697; 3 Tex.Jur. 190. There was no evidence as to whether the contract was oral or in writing. If the filing of the general denial at the conclusion of the evidence is authorized under the liberal rules of pleading prescribed by Rule 67, Texas Rules of Civil Procedure, appellants failed under the facts to bring themselves within the rule. Not having objected to the evidence upon the specific ground that the contract was oral and vio-

lated the statute, the case does not fall within Rule 67, because under the general or no objection to the evidence of the contract, the issue as to whether it was within the statute was not tried out by the express or implied consent of the parties. Masten case, supra. The foregoing facts show that appellants waived the statute of frauds as a defense. League v. Davis, 53 Tex. 9; Graham v. Kesseler, Tex.Civ.App., 192 S.W. 299, and cases above cited.

Appeals from other phases or portions of the judgment have been abandoned, and the judgment of the trial court is affirmed in all things.

Affirmed.