## WARREN v. WHITE.

### No. 11446.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 4, 1944.

Rehearing Denied Nov. 1, 1944.

Jno. T. Spann, of San Antonio, for appellant.

C. W. Trueheart, of San Antonio, for appellee.

NORVELL, Justice.

The appeal involves the question of whether or not an oral agreement between licensed real estate brokers (not partners) to divide a commission is enforcible under the provisions of the Real Estate Dealers License Act, Article 6573a, Section 22, Vernon's Ann.Civ.Stats.

Appellee, A. J. White, a licensed real estate broker, consummated a transaction whereby a ranch owned by Mrs. Claude Kelley was sold to John W. Stormont for the sum of $38,541.75. White was paid a 5% commission of $1,927.

Appellant, likewise a licensed real estate broker, alleged that he had an agreement with White under the terms of which White had agreed to pay him one-half of the five per cent commission ($963.50) on this sale. Upon the trial it developed that this alleged agreement was not in writing. The trial court instructed the jury to find for appellee.

Appellant here contends that Article 6573a, § 22, applies only to agreements between owners and brokers relating to commissions, and does not apply to agreements between one broker and another. It seems that the question has not been directly passed upon in Texas. However, the states of Michigan and Ohio have statutes very similar in wording to the Texas statute.

Article 6573, § 22, Vernon's Ann.Civ. Stats., reads as follows: "No action shall be brought in any court in this State for

the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized. This provision shall not apply to any action for commissions pending in any court in this State at the effective date of this Act. Acts 1939, 46th Leg. p. 560."

In Cohen v. P. J. Spitz Co., 121 Ohio St. 1, 166 N.E. 804, 805, 64 A.L.R. 1421, the Supreme Court of Ohio said:

"Section 8621 of our statute of frauds provides that 'no action shall be brought whereby to charge the defendant * * * upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate,' unless the agreement or memorandum thereof is in writing and signed by the party charged, etc.

"It is not contended that an action will lie for a commission upon an oral contract between an owner and real estate broker, but is rather conceded that no such action will lie. It is urged, however, that our statute should not be construed so as to prevent an action founded upon an oral promise of the broker to pay a commission to another who procures a purchaser for property listed with the broker for sale. * * *

"Our attention has been called to one state only which has a statute containing provisions similar to our own, covering contracts for commissions. That state is Michigan. The Michigan statute (3 Comp. Laws 1915, § 11981) provides that 'every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate' shall be void unless in writing, etc. The Supreme Court of Michigan, construing this statute, held that it applied to commission contracts between others as well as between an owner and his broker, and that oral agreements for division of commission are invalid, and must be in writing. Smith v. Starke, 196 Mich. 311, 162 N.W. 998; Renaud v. Moon, 227 Mich. 547, 198 N.W. 895. The Michigan statute was adopted in 1913 and was so construed by the Supreme Court of Michigan in 1917. Our Ohio statute of frauds, amended to include real estate commissions, became effective July 9, 1925. Therefore when the Ohio Legislature, in 1925, substantially adopted the Michigan statute, it is presumed that the construction

of the statute by the Supreme Court of that state was likewise adopted. Gale v. Priddy, 66 Ohio St. 400, 406, 64 N.E. 437.

"We are of the opinion that the Ohio statute employs terms that are clear and unambiguous; it contains neither limitations nor exceptions. It is impossible to construe the statute otherwise, since to do so would nullify its plain purport. We are therefore unable to construe it so as to apply to a contract between an owner and broker only, as it declares without qualification that no action shall be brought upon an agreement to pay any commission for or upon the sale of any interest in real estate. Had the Legislature intended to limit the statute to contracts between brokers and owners only, it would have employed language to that effect."

See also Nichols v. Anderson, Tex.Civ. App., 164 S.W.2d 268; Miller v. Auble, 31 Ohio App. 67, 166 N.E. 384.

We hold that a recovery by appellant is precluded by the terms of Art. 6573a, § 22, Vernon's Ann.Civ.Stats.

The judgment appealed from is affirmed.