# T. C. WARREN V. A. J. WHITE.

No. A-402. Decided February 21, 1945.
Rehearing overruled March 21, 1945.
(185 S. W., 2d Series, 718.)

*John T. Spann,* of San Antonio, for petitioner.

This is a suit for money received under a joint adventure and not a suit for commissions, and the courts erred in holding it to be one for commissions. Pearsall v. Burton, 10 S. W. (2d) 201; Godfrey v. Central Park, 5 S. W. (2d) 529; Raper v. Permenter, 1 S. W. (2d) 343.

*C. W. Trueheart,* of San Antonio, for respondent.

This is an action for the recovery of a commission, regardless of whether it be between the owner and the agent or between two or more agents, and under the statute no action for such

commission shall be brought unless the defendant has bound himself in writing. Walker v. Keeling, 160 S. W. (2d) 310; Upton v. Fitzgerald, 129 Texas 211, 103 S. W. (2d) 147; Gregory v. Roedenbeck, 174 S. W. (2d) 585.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This appeal involves the question as to whether or not an oral agreement between two regularly licensed real estate brokers (not partners) to divide a commission received by one of them for the sale of a tract of land is enforcible in view of the provisions of The Real Estate Dealers License Act, Acts 1939, 46th Leg., Sec. 22, p. 560 (Vernon's Annotated Civil Statutes, Art. 6573a, Sec. 22).

Mrs. Claude Kelley listed her ranch with T. C. Warren, a licensed real estate broker, and in writing agreed to pay him a commission if he would sell the same for her. There was evidence that A. J. White, another licensed real estate broker, who had a prospective purchaser for a ranch, orally agreed with Warren that in consideration of Warren's furnishing him the necessary information concerning the ranch which he had for sale, White would sell the ranch to his customer and they would divide the commission between them. White made the sale and collected the full commission from Mrs. Kelley, but refused to divide same with Warren. Warren sued White for his share of the commission. At the conclusion of the evidence the court instructed a verdict for the defendant. This judgment was affirmed by the Court of Civil Appeals on the ground that the alleged agreement between White and Warren was void because not in writing. 182 S. W. (2d) 1006.

Section 22 of the Acts of 1939, 46th Legislature, p. 560, regulating real estate brokers, reads as follows:

"Article 6573a, Section 22. No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized. * * *."

The authorities are not uniform on the question as to whether, under a statute such as the above, a contract between brokers

to divide commissions received for the sale of real estate is required to be in writing.

In the State of Michigan the statutes of fraud provide, "Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate" shall be void, unless the contract therefor shall be in writing and signed by the party to be bound thereby. In that State, in a well-considered opinion, the Supreme Court held that the statute applied to a contract between brokers to divide commissions, and that unless the contract was in writing, no recovery could be had thereon. Smith v. Starke, 196 Mich. 311, 162 N. W. 998, 999.

In the State of Ohio the statute read in part as follows:

"No action shall be brought whereby to charge the defendant * * * upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate, unless the agreement * * * or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith * * *."

The Supreme Court of that State in construing the above statute followed the holding in the Michigan case. Cohen v. Spitz Co., 121 Ohio St. 1, 166 N. E. 804, 64 A. L. R. 1421, 1422. However, the Ohio statute has since been repealed. See City Ice & Fuel Co. v. Bright, 73 Fed. (2d) 461, par. 9. Consequently the only State in which it is now held that such a contract between brokers must be in writing is the State of Michigan.

In Corpus Juris Secundum the rule is announced as follows:

"Notwithstanding a rule to the contrary in one state, it is well settled in other states that statutes of this nature do not apply to a contract between brokers to share commissions; such a contract is not an agreement for the payment of a commission by one party to the other, but is rather an agreement to cooperate in selling or exchanging realty and divide the commissions earned." 12 C. J. S., p. 144, sec. 62.

In the State of California the statute reads as follows:

"Section 1624. The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent: * * * (6) An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission."

The Supreme Court of California in construing that statute said:

"But, clearly, that provision was only designed to protect owners of real estate against unfounded claims of brokers. It does not extend to agreements between brokers to co-operate in in making sales for a share of the commissions." Gorham v. Heiman, 90 Calif. 346, 27 Pac. 289, 292.

The same court later, in the case of Gray v. Janes Inv. Co., 186 Calif. 634, 200 Pac. 401, 404, said:

"There is no merit in the contention that the agreement between the plaintiffs and defendants is void because not in writing. The agreement is not one to pay a commission for the sale or exchange of real property. None of the parties to the agreement undertook to pay the other a commission. They obligated themselves in the first instance to do no more than co-operate in the exchange and divide the commissions earned therefor, and the subsequent modification of the original agreement, whether as pleaded in the plaintiffs' complaint or as found by the trial court upon the issue raised by the evidence, left it still a cooperation agreement between broker and broker to divide the original commissions, and consequently does not fall within the inhibition of subdivision 6 of section 1624 of the Civil Code. Gorham v. Heiman, 90 Cal. 346, 27 Pac. 289; Casey v. Richards, 10 Cal. App. 57, 101 Pac. 36; Johnston v. Porter, 21 Cal. App. 97, 131 Pac. 69; Sellers v. Solway Land Co., 31 Cal. App. 259, 160 Pac. 175; Baker v. Thompson, 14 Cal. 175, 111 Pac. 373."

In the State of Wisconsin the statute reads as follows:

"Every contract to pay a commission to a real estate agent or broker or to any other person for selling or buying real estate or negotiating lease therefor for a term or terms exceeding a period of three years shall be void unless such contract or some note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, or terms of rental, the commission to be paid and the period during which the agent or broker shall procure a buyer or seller or tenant, be in writing and be subscribed by the person agreeing to pay such commission."

The Supreme Court of that State in holding that the statute did not apply to agreements between brokers to divide a commission said:

"An agreement by which real estate brokers are to unite their efforts in making a sale, and in the event of its conclusion to divide the commission to be paid by the owner, may be regarded as something in the nature of a joint adventure. What is really contracted for is not the payment of a commission, but

a division of the fruits of their joint efforts which come to them from the owner in the shape of a commission." Connerton v. Andrews, 195 Wisc. 433, 218 N. W. 817, 819.

The above holding was followed by the Supreme Court of the State of Washington in Jones v. Kehoe, 61 Wash. 422, 112 Pac. 497, and by the Supreme Court of Idaho in Phy v. Selby, 35 Idaho 409, 207 Pac. 1077.

After most careful consideration we have reached the conclusion that the majority rule as announced above is the better one—that is, that the statute was not intended to apply to agreements between brokers to share commissions.

The emergency clause of the Act in question recites that the purpose of the Act is to provide a more efficient and effective means of preventing fraud in the sale of real estate. Section 22 was intended to protect the property owners against the unfounded claims of brokers. It was not intended to apply to agreements between brokers to co-operate in making sales for share of the commissions.

The agreement here sought to be enforced is not one between the owner and the broker for the payment of a commission for the sale of land, but is an agreement between brokers to pool their efforts as brokers and to share the benefits. In this particular case, White agreed to divide the commission which he, White, would receive for selling the ranch if Warren would give him the name of the owner and the description of the ranch which Warren had for sale. It was an agreement to share the benefits of the common enterprise.

Under the above ruling, the trial court erred in instructing a verdict for the defendant. The judgments of the trial court and Court of Civil Appeals are reversed, and the cause is remanded to the trial court for a new trial.

Opinion delivered February 21, 1945.

Rehearing overruled March 21, 1945.