### JACKSON et al. v. KEY.
### No. 5970.

Court of Civil Appeals of Texas. Amarillo.
Sept. 12, 1949.

Rehearing Denied Oct. 15, 1949.

Legislature and became effective in 1939, provides that no action shall be brought for recovery of a commission for the sale or purchase of real estate unless the promise or agreement, or some memorandum thereof, upon which the action is founded, shall be in writing and signed by the party to be charged therewith or his duly authorized agent.

. Appellants did not plead any kind of a listing of the land in question in writing. On the contrary it is agreed by stipulation of the parties found in the statement of facts that appellants did not obtain from appellee at any time a listing in writing of any character of the land in question. The trial court without the aid of a jury so found, for which reason judgment was accordingly rendered for appellee, from which judgment appellants perfected an appeal. The trial court's judgment is sustained by the following authorities. Landis v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S.W.2d 228; Walker v. Keeling, Tex.Civ. App., 160 S.W.2d 310; Volkmann v. Wortham, Tex.Civ.App., 189 S.W.2d 776; Dickson v. Kelley, Tex.Civ.App., 193 S.W. 2d 256; Shook v. Parton, Tex.Civ.App., 211 S.W.2d 368.

■ In the case of Dunn v. Slemons, Tex.Civ.App., 165 S.W.2d 203, 206, this court held: "An executed oral contract does not take the agreement out of article 6573a nor can the real estate broker recover on the doctrine of quantum meruit."

■ Appellants challenge the validity of the said Real Estate Dealers' License Act. That assignment is settled by the authorities previously herein cited and by the Supreme Court speaking through Associate Justice Sharp in the case of Gregory v. Roedenbeck, 141 Tex. 543, 174 S.W. 2d 585, 588, Section 4, wherein the Court said with reference to the law in question: "We hold that the enactment of the Real Estate Dealers' License Act, regulating those who may make sales of real estate, was a proper exercise of the police power of the State, and that the Act is valid."

■ Under the authorities cited and numerous others, it is our opinion that the failure of appellants to procure from ap-

Dillard, Cooke & Dillard, Lubbock, for appellants.

Klett, Bean, Evans & Justice, Lubbock, for appellee.

PITTS, Chief Justice.

This is a real estate brokerage suit in which appellants, J. W. Jackson, E. E. Rogers and Floyd Shipman, licensed realtors, filed suit against appellee, Dr. Olan Key, to recover $5,708.11 as a 5% commission on $114,163.50, alleged to be due them by reason of appellants' efforts in procuring a purchaser for 2,075.7 acres of land sold by appellee to Paul Harral on February 28, 1948.

The record reveals that nothing more than an oral listing of the land in question was given appellants by appellee, who defends the suit on such grounds. The record further reveals that such an oral listing was made the latter part of 1945.

Section 22, Article 6573a, Vernon's Annotated Civil Statutes, enacted by the 46th

pellee a listing of the land in some form of writing in compliance with the provisions of the Real Estate Dealers' License Act precludes their recovery. Their points to the contrary are overruled and the trial court's judgment is affirmed.