HOHENBERGER et al. v. SCHNITZER.

No. 12159.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 13, 1950.

Rehearing Denied Jan. 10, 1951.

George Cannon, Maxwell Burkett and Archie S. Brown, all of San Antonio, for appellants.

L. M. Bickett, San Antonio, for appellee.

POPE, Justice.

This is a suit under the Uniform Declaratory Judgments Act involving the construction of an oral agreement to divide commissions between real estate salesmen and a real estate dealer. The trial was before the court without a jury and resulted in a judgment for appellee, Arthur Schnitzer, and appellant H. R. Hohenberger, and denying any recovery for appellant Ben E. Weber.

Appellee, Schnitzer, instituted this suit against both appellants, Hohenberger and Weber, for the purpose of obtaining a declaration of their respective rights and status as to a real estate commission. The evidence showed that Schnitzer had worked as a real estate salesman in Hohenberger's real estate office for several years prior to April, 1949, at which time they terminated their relationship. During their association, by agreement between them, they shared equally in all commissions earned through Schnitzer's efforts. Prior to Schnitzer's leaving Hohenberger's office he presented to an ultimate purchaser the matter of purchasing some business property in the City of San Antonio. He then compiled a set of blue prints and factual data relating to taxes, insurance and income pertinent to the property and submitted these to the prospective purchaser. Schnitzer testified that he discussed the proposed sale with the ultimate purchaser at least a dozen times, some of which discussions were with Hohenberger's knowledge. He also testified that he obtained an offer from the purchaser which he communicated to one of the owners, which owner, however, was not possessed of authority to close a

468

sale. At the time Schnitzer left Hohenberger's office, no written authority concerning the property had been obtained from either the owners or the purchaser. When Schnitzer left, Hohenberger employed Weber as a real estate salesman, who then also dealt with the owners of the property. Weber succeeded in obtaining the written contract between the purchaser, the seller, and Hohenberger as agent. This contract was the one upon which the sale was completed. By its terms, the purchaser deposited $10,000 earnest money with the Commercial Abstract and Title Company of San Antonio. The total amount of the commission earned on the transaction was $7,500, and before the sale was closed Schnitzer commenced this suit, joining Commercial Abstract and Title Company also as a defendant, and obtained a temporary injunction against the title company prohibiting its releasing any of the funds derived from the sale and under its control. After the sale was completed, on motion of the title company, the trial court without any objection dismissed the Commercial Abstract and Title Company from the suit, and all funds were delivered over to the sellers. At the time of the trial, John D. Wheeler, one of the sellers who was not a party to this suit, testified that he held the total commission of $7,500 in a special bank account for immediate disbursement upon the determination of its rightful owners.

The judgment decreed that Schnitzer and Hohenberger each were entitled to $3,750, and that Weber should recover nothing.

Appellant Weber urges on appeal that this is not a proper suit for a declaratory judgment, that the Real Estate Dealers License Act, Vernon's Ann.Civ.St. art. 6573a, prohibits the enforcement of an agreement between brokers for the division of commissions in the absence of a prior written contract with the owner to pay a commission, that the court should have awarded him one-half of the commission by reason of his oral contract of employment with Hohenberger, and that there was insufficient evidence to support a judgment

based on an agreement which continued after Schnitzer left Hohenberger's office.

Appellant Hohenberger by this appeal attacks the sufficiency of the evidence to show an agreement which continued after Schnitzer left Hohenberger's office, and he also challenges the judgment where it taxed the costs against him.

This is a proper case for a declaratory judgment. The Uniform Declaratory Judgments Act expressly provides that a person whose rights, status, or other legal relations are affected by contract, may have a determination of any question of construction or validity arising under the contract. Article 2524–1, § 2, Vernon's Ann. Civ.Stats. This purpose is effected by the judgment which determined the controversy between the three parties to this action. The judgment, however, contains the following paragraph: "It is, accordingly, declared, ordered, adjudged, and decreed by the court that the said John D. Wheeler, Esq., be and he is hereby authorized and empowered to pay over and disburse said sum of $7,500.00, as hereinabove decreed, namely, one-half thereof, or $3,750.00, to the plaintiff, Arthur Schnitzer, and the remaining one-half thereof, or $3,750.00, to the defendant H. R. Hohenberger."

Mr. Wheeler, not being a party to this suit, is a stranger to the judgment and, of course, the directions contained in the above paragraph are permissive only as to him and are binding only upon those who are actual parties to the suit. This fact, however, in no way affects the bindingness of the judgment insofar as Schnitzer, Hohenberger and Weber are concerned. McDonald v. Ayres, Tex.Com.App., 242 S.W. 192.

The Real Estate Dealers License Act does not prohibit the enforcement of an agreement between realtors concerning the division of commissions. Warren v. White, 143 Tex. 407, 185 S.W.2d 718. As stated above, no contract with the owners or the purchaser was executed until after appellee, Schnitzer, had performed a part of his services to effect the sale and had

terminated his employment with Hohenberger. After this occurred a sale was consummated. While no suit could be brought against the owner in the absence of a written contract, this did not preclude Schnitzer's right to enforce against another realtor his agreement to share in the commission derived from a sale consummated under a subsequent contract. Bauer v. Crow, Tex.Civ.App., 171 S.W. 296, Id., 110 Tex. 538, 221. S.W. 936; Trice & Ludolph v. Cone, Tex.Civ.App., 163 S.W. 587.

During the course of the trial, Weber became incapacitated and was unable to testify, and the nature of his agreement with Hohenberger to share in commissions is not developed with any certainty. The evidence insufficiently shows the custom and usage as to a salesman's right to share in commissions derived from a sale already undertaken by another. The cause continued on to judgment without any motion for postponement and without objection. While this is regrettable, we are not permitted to construct an agreement by speculation. On the evidence presented, Weber has not discharged his burden of proof by showing any right to a judgment different from that rendered by the trial court.

Both appellants, Weber and Hohenberger, urge that there was insufficient evidence to establish an agreement between Schnitzer and Hohenberger to continue dividing commissions on sales completed after Schnitzer left Hohenberger's office. Since the case was tried to the court rather than a jury, and in the absence of findings of fact and conclusions of law, the fact issues which have support in the evidence will be presumed to have been found in support of the judgment. State v. Balli, Tex.Civ.App., 173 S.W.2d 522, Id., 144 Tex. 195, 190 S.W. 2d 71, certiorari denied 328 U.S. 852, 66 S.Ct. 1341, 90 L.Ed. 1624; Connor v. City of University Park, Tex.Civ.App., 142 S.W. 2d 706; Clark v. Goldberg, Tex.Civ.App., 3 S.W.2d 920.

Appellee testified without objection concerning the nature of his "agreement" with Hohenberger before they terminated their association. He then stated that upon leaving he and Hohenberger agreed that he "would continue to work on these deals and if the deals were made the commissions would be divided equally between Hohenberger and I." After the testimony had been developed, counsel for Hohenberger objected on the grounds that the exact statement of the parties should be stated as nearly as possible. No motion to strike any of the evidence was made. No objection at all was made on behalf of Weber. The objection was overruled and Schnitzer then continued with his testimony by stating Hohenberger's exact words concerning still another pending deal, the import of which was that Hohenberger expected Schnitzer to continue working on the deal though he was no longer with his office. The evidence included testimony showing that he did continue to work toward consummation of the ultimate sale and that this was with Hohenberger's knowledge. Under these circumstances we believe that the court properly ruled on the admissibility of the testimony.

Schnitzer's right to any commission is challenged as being contrary to the custom and usage of the real estate business, but the conflicting testimony as to custom and usage as adequately supported appellee's contentions that he should continue to share equally in commissions on deals pending at the time he left Hohenberger, as it did appellant's views.

Appellant Hohenberger further urges that the costs should not have been taxed against him because he defended only for the purpose of receiving the full commission for disbursement to the proper salesmen. The record fails to bear out this contention. Both on trial and on appeal, his position has been one of open hostility toward any judgment favorable to appellee. He was an adverse party in its full meaning. The taxing of costs will not be disturbed.

The judgment is affirmed.