Griffie CASEBOLT, Appellant,

v.

Irene OLIVIER et vir, appellee.

No. 6092.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 24, 1957.

Rehearing Denied Feb. 13, 1957.

Andrew Campbell, Pt. Arthur, for appellant.

Baker & Vaughan, Pt. Arthur, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal by appellant Griffie Casebolt, a feme sole, from a judgment in the County Court of Jefferson County, at Law, dismissing her suit against appellees, Irene Olivier and husband. The court sustained appellees' exceptions to appellant's petition, holding that such petition stated no cause of action against the appellees. She has perfected her appeal to this court for review of the judgment.

The appeal comes before this court on the pleadings alone.

The material portions of appellant's petition alleged as follows:

"Plaintiff was at all times material hereto and is at the present time a real estate salesman duly licensed as such by the State of Texas and the defendant, Irene Olivier, was at all times material hereto and is now a real estate dealer duly licensed by the State of Texas and operating and conducting said business in Jefferson County, Texas.

"Plaintiff alleges and would show that heretofore in January, 1955, plaintiff entered into an employment agreement with the said Irene Olivier whereby the plaintiff was to work for and under the said Irene Olivier in the conduct of the latter's real estate business; and, the plaintiff was so engaged and employed to sell certain real estate in Jefferson County, Texas, through the real estate agency of Irene Olivier.

"Plaintiff would show that at the time plaintiff commenced her said employment, it was orally agreed and understood by and between plaintiff and said defendant that the plaintiff would obtain listings for real estate offered for sale and would attempt to sell for prospective vendors to prospective vendees any such real estate for which she obtained listings or other real estate listed by others for sale with or through the agency of the said Irene Olivier. And it was further orally agreed and understood by and between Griffie Casebolt and the said Irene Olivier that said plaintiff would receive a commission on all sales consummated by her in the amount of two and one-half per cent (2½) of the total sales price of said real estate and that any additional sales commission obtained or any such transaction would be retained by the said Irene Olivier.

"Plaintiff alleges that the only understanding of said parties as to any lesser commission at any time throughout the association of plaintiff and defendant was that plaintiff would receive a commission in the sum of two per cent (2%) of the total sales price of all transactions consummated by her in the event that the property in question sold by plaintiff had been listed with such agency by some dealer or salesman other than plaintiff, and in such event only, one-half per cent (½%) of the total sales price of such real estate would go to the person listing said real estate. Such amount being deducted from the plaintiff's two and one-half per cent (2½%), which was agreed she would receive under all other circumstances.

"Plaintiff alleges and would show that at some date prior to September or October 1955, the exact date thereof being unknown to plaintiff, the defendant, Irene Olivier, advised the plaintiff as well as other salesmen working under her that she was offering the residence defendants were occupying at such time for sale and requested plaintiff to attempt to sell the same if plaintiff could find a purchaser therefor and plaintiff would show that the location and address of said real estate was and is 4701 Lakeshore Drive, Port Arthur, Texas.

"Plaintiff would show that complying with defendant's request to find a purchaser and sell said real estate, she did expend her time and energy contacting prospective customers for such property and subsequently did offer the same for sale to a Mr. and Mrs. Laster, and plaintiff did take Mrs. Laster upon said premises and show the same to her and entered into a contract and agreement with Mr. and Mrs. Laster whereby such persons did obligate themselves and agree to purchase said property from the defendants and subsequently on or about October 20, 1955, the said Mr. and Mrs. Laster did purchase such real estate from the defendants for the total sum of Twenty-six Thousand, Seven Hundred Fifty Dollars ($26,750.00). Such sale being initiated and consummated by the plaintiff, Griffie Casebolt.

"Plaintiff would show that subsequent to said sale, plaintiff and the said Irene Olivier discussed the commission to which plaintiff was entitled for her services in said sale, and said defendant refused to pay to the plaintiff the sum of Six Hundred Sixty-eight and 75/100 Dollars ($668.75), but tendered to plaintiff a lesser sum, which was refused by plaintiff and plaintiff would show that the said sum of Six Hundred Sixty-eight and 75/100 Dollars ($668.75) was due and owing to plaintiff by defendants for the sale of said property, the same being two and one-half per cent (2½%) of the total sales price of said real estate, which sum had been previously

paid to plaintiff by said defendant on all real estate transactions except those as aforesaid in Paragraph No. V according to the original, oral agreement by and between plaintiff and the said Irene Olivier.

"In the alternative, plaintiff alleges and would show that if it be found that plaintiff and defendant, Irene Olivier, did not have a specific, oral agreement for the payment of the commission upon the sale of the above real estate as above alleged, then plaintiff alleges and would show that at the specific request of the defendant, Irene Olivier, plaintiff did expend her time and efforts for the purpose of finding a purchaser for the real estate of defendants, and as a sole result of the efforts and time so used by the plaintiff, one, Mr. and Mrs. Laster did purchase said real estate from the defendants, and plaintiff would show that the reasonable value of such services as rendered to the defendants at the specific request of the defendant, Irene Olivier, are in the sum of Six Hundred Sixty-eight and 75/100 Dollars ($668.75)."

Appellant sued for $668.75, and for attorney's fees and interest.

Appellees' special exceptions to the above pleading were as follows:

"Defendants except to each and every paragraph of plaintiff's petition, and state that each and every paragraph should be stricken because there is an attempt on the part of the plaintiff to predicate her suit on an oral contract which is forbidden under Article 6573–A of the Revised Civil Statutes of Texas [Vernon's Ann.Civ.St. art. 6573a].

"Defendants specially except to paragraph 4 of plaintiff's petition which reads as follows:

" 'Plaintiff would show that at the time plaintiff commenced her said employment, it was orally agreed and understood by and between plaintiff and said defendant that the plaintiff would obtain listings for real estate offered for sale and would attempt to sell for prospective vendees any such real estate for which she obtained listings or other real estate listed by others for sale with or through the agency of the said Irene Olivier. And it was further orally agreed and understood by and between Griffie Casebolt and the said Irene Olivier that said plaintiff would receive a commission on all sales consummated by her in the amount of two and one-half per cent (2½%) of the total sales price of said real estate and that any additional sales commission obtained or any such transaction would be retained by the said Irene Olivier.'

The foregoing paragraph could not and does not state any cause of action against the defendants and such was predicated on an oral contract in violation of Article 6573–A.

"Defendants except to paragraph 5 and state that same should be stricken because the allegations contained therein are irrevelant, immaterial and could not form any basis for this suit.

"Defendants except to paragraph 6 and state that same should be stricken because plaintiff is undertaking to predicate her suit on an oral contract, which is forbidden under Article 6573–A, particularly Section 22 thereof and that said paragraph should be stricken because there are no allegations set forth in said paragraph that a written contract had existed between plaintiff and defendant, Irene Olivier.

"Defendants except to paragraph 7 of plaintiff's petition and states that same should be stricken because the allegations contained in said paragraph set forth only an attempt to prove that plaintiff is entitled to recover a commission on an oral contract, if any existed, would necessarily have to be in writing so as to bind the defendant, Irene Olivier.

"Defendants except to paragraph 8 of plaintiff's petition and state that same should be stricken because the allegations

in said paragraph are to the effect that an oral contract existed between plaintiff, Griffie Casebolt and defendant, Irene Olivier, and same should be stricken because the allegations of the contract as stated if any, were oral and plaintiff could not maintain a suit on an oral contract to recover a commission for the same of real estate and that plaintiff failed to comply with Article 6375–A of the Revised Civil Statutes of Texas.

"Defendants except to paragraph 9 and state that same should be stricken for the reasons set forth in the two preceding paragraphs and further that said paragraph 9 should be stricken because it does not allege that a written contract existed between plaintiff and defendant, Irene Olivier, and that a suit cannot be predicated upon an oral contract, and for such reason, paragraph 9 should be stricken."

We note that both parties in their briefs refer to "Section 22" of Article 6573a. By amendment effective June 1, 1955, Article 6573a, known as " 'The Real Estate License Act' ", was amended, and section 22 of the original statute was written into the amended statute as section 28. It contains the original provisions of section 22, with a paragraph added which precludes recovery of commissions for the sale of real estate by a real estate salesman, broker, agent or realtor, unless he advises the purchaser, in writing, that he should have the abstract examined by an attorney of his own selection, or should have a policy of title insurance.

Appellee's exceptions, sustained by the trial court, are based upon the first paragraph of the present section 28, which contains the same provision as section 22 of the Act before it was amended.

We believe the court was correct in sustaining the exceptions to appellants' petition.

It is now well settled that under the provisions of said Article 6573a, Vernon's Ann.Civil Statutes, an oral contract by the owner for the payment of a commission for the sale of real estate is not enforceable. Jackson v. Key, Tex.Civ.App., 223 S.W.2d 717, and cases cited therein; Wolf v. Faubion, Tex.Civ.App., 278 S.W.2d 951. It appears also to be settled that one cannot recover upon an executed oral contract for such a commission, in a suit upon quantum meruit. Landis v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S.W.2d 228 (Error Refused).

The appellant contends, however, that her suit is not a suit on an oral contract by an owner, but is one brought by her as a real estate salesman against her employer, a real estate dealer, on an oral contract of employment as such salesman. As we view the matter, the agreement pleaded by her as a basis for her cause of action contains elements of both situations but is basically a suit on an owner's agreement to pay a commission.

Our Courts have held that the Real Estate License Act does not prohibit the enforcement of an oral agreement between realtors concerning the division of commission. Hohenburger v. Schnitzer, Tex.Civ. App., 235 S.W.2d 466; Warren v. White, 143 Tex. 407, 185 S.W.2d 718. The agreement pleaded here can not be regarded as an agreement to divide a commission, since it is apparent that no written agreement on the part of the owner to pay a commission was ever made. There was no commission to be divided. The reasoning in Warren v. White, supra, holding that agreements between brokers are enforceable, is that of the California and Wisconsin holdings, that such an agreement to divide commissions was in the nature of a joint adventure rather than an agreement to pay a commission in a certain instance.

In the present case, the request by appellee that appellant try to sell appellees' own home did not come within the scope of the original contract of employment. It was not a joint adventure, in the completion of which both parties, the dealer and the salesman, would make a profit. It was to be a sale by an owner, and under the statute any

agreement to pay a commission for the sale was required to be in writing and signed by the owner, the appellee here, in order to become enforceable against such owner. Such an agreement not in writing is within the statute, and is unenforceable.

The judgment is affirmed.

HIGHTOWER, J., took no part in the decision of this case.