**Van TAYLOR et vir, Appellants,**

v.

**A. T. SELLERS, Appellee.**

**No. 16229.**

Court of Civil Appeals of Texas.

Fort Worth.

June 9, 1961.

Rehearing Denied July 14, 1961.

Elton M. Hyder, Fort Worth, for appellants.

Storey, Armstrong & Steger, and Hugh L. Steger, Dallas, for appellee.

RENFRO, Justice.

Suit was brought by Charles L. Taylor and wife, Van Taylor, against A. T. Sellers. From an adverse summary judgment they appealed.

For convenience, we will refer to Mrs. Taylor as plaintiff.

In her original petition plaintiff alleged she was employed by the defendant by verbal contract under the terms of which defendant agreed to pay plaintiff a commission of ten per cent of the sales price for any and all sales of property made by plaintiff on behalf of defendant.

In her first amended petition she alleged "she was employed by the defendant in the year 1952, approximately the month of November, as a regular fulltime employee of the defendant under the terms of which employment the plaintiff's duties were to perform services for and on behalf of the defendant, assisting the defendant in the sale of real property and in addition thereto to do general office work, including typing, getting out mail, answering telephone, planning and carrying out advertising, mailing collection letters, collections, assistance in the re-instatement of contracts, collection for swimming pool receipts, and any and all other work having to do with the assistance to the defendant in the operation of his business which was generally the sale of real property, the operation of a swimming pool, conduction of the sales and any and all other work having to do generally with his business operation"; that her "compensation for assisting the defendant was to be an amount equivalent to 10% of the individual sales of real property to purchasers obtained by her and induced to close a contract with defendant and her compensation was to be paid as and equivalent to one-half of the down payment made on such sales, not to exceed the 10% compensation due her and the remainder, if any, was to be paid as the 15% deferred purchase price of such sales should be paid by the purchaser."

In a supplemental petition she prayed for recovery of the amount sued upon as quantum meruit.

Defendant's motion for summary judgment was based on the ground that plaintiff was attempting to recover from defendant, under an oral contract or agreement, compensation or commissions for the sale of real estate contrary to Article 6573a, Sec. 28, Vernon's Ann.Civ.St., which provides: "No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

Based upon the pleadings, evidence of plaintiff, motion for summary judgment, affidavit and deposition attached thereto, the court decreed that plaintiff take nothing by her suit.

Plaintiff's appeal is based, first, on the theory that she was employed upon a full-time basis and her employment did not come within the purview of the Real Estate Dealers License Law, and, second, that having asked for compensation upon a quantum meruit basis, the court erred in rendering summary judgment against her.

■ Plaintiff, a licensed real estate dealer, testified by deposition that she started selling real estate for defendant, in a subdivision owned by defendant, in November, 1952. She never had a written agreement with defendant. She received as commission on sales made by her half the down payments up to ten per cent of the price of the lot. Later, the commissions were increased. She received ten per cent of the full purchase price paid for lots sold by her, the balance of the commissions being paid to her as the purchasers made payments on the lots she sold. She testified, "I was working strictly on commission." She did not receive and did not expect to receive compensation on any lots other than the ones sold by her. She and defendant had a disagreement in March, 1959, and she quit selling lots for him. Her claim is for commissions on property sold by her before she quit, but which had not been fully paid for by the buyers. She said, "I only want what is coming to me that is currently paying in to him, my percent of it. I don't want anything other than that from him." In answer to the question, "Well, I mean you are not claiming an interest now in any business, you are only claiming an interest in commissions? That's what I wanted to get sure", she stated: "Certainly you must know that." On her time off (from actually selling lots) she tried to reinstate customers, got out letters and took care of the advertising, but she added, "This was included in my 10 percent." As her reason for bringing suit she testified: "The

only reason for the suit on my commissions is I feel like over a period of years I furnished my own transportation and all my expenses and I feel that that 10 percent commission that I made on those lots that I had already sold, that I have already paid out the money for my expenses for selling that land, and I feel like the balance of the lots that I sold, what is coming to me, I should get. Now that is the whole sum and substance of the whole thing."

It is apparent from plaintiff's testimony that any services rendered by plaintiff, such as reinstating customers, telephoning, advertising, etc., were but incidental to the main object of selling lots.

In a similar situation the court, in Estes v. Dow, Tex.Civ.App., 290 S.W.2d 561, 564, held: "It is clear to us from plaintiff's deposition—the alternative allegation in the first amended petition to the contrary notwithstanding—that plaintiff's suit is actually solely one to recover compensation for services as a real estate dealer within the meaning of that term as defined in Art. 6573a. Plaintiff does not claim * * * to have any written contract covering his compensation. This being true, it would be contrary to the Statute and to the declared public policy of the State to permit a recovery. Gregory v. Roedenbeck, 141 Tex. 543, 174 S.W.2d 585; Breeding v. Anderson, 152 Tex. 92, 254 S.W.2d 377."

So, in the instant case, plaintiff's testimony shows clearly an oral contract with defendant to sell real estate for him. It would be contrary to the statute to permit recovery.

We also overrule plaintiff's contention that she was entitled to trial on her alternate plea of quantum meruit. The same claims were made and rejected in Landis v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S.W.2d 228, and Casebolt v. Olivier, Tex. Civ.App., 298 S.W.2d 841.

■ The purpose of summary judgment procedure is that the court may look through and beyond the pleadings and even

though a petition may state a cause of action, nevertheless if, on a motion for summary judgment, proof fails to show any genuine issue regarding a material fact, the granting of summary judgment is proper. McFarland v. Connally, Tex.Civ.App., 252 S.W.2d 486; Rolfe v. Swearingen, Tex. Civ.App., 241 S.W.2d 236; Savoy v. Graham Memorial Auditorium Ass'n, Inc., Tex. Civ.App., 329 S.W.2d 352.

Since under plaintiff's own testimony her claim was for commissions for sale of real estate under an oral agreement with defendant, her claim could not by virtue of Sec. 28, Art. 6573a, be enforced.

 If facts proved would warrant an instructed verdict, summary judgment should be granted. King v. Rubinsky, Tex. Civ.App., 241 S.W.2d 220. Under the undisputed facts of this case an instructed verdict would have been warranted, hence the court properly granted summary judgment.

Judgment affirmed.