**Albert STRULLER et ux., Appellants,**

v.

**Vela McGREE, Appellee.**

No. 14164.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 11, 1963.

Rehearing Denied Jan. 8, 1964.

Trimble & Dobbs, Corpus Christi, for appellants.

Bloch & Walton, Corpus Christi, for appellee.

BARROW, Justice.

This suit was filed by Vela McGree, a licensed real estate broker, to recover a real estate commission from Albert Struller and wife, Izora Struller, for sale to Dr. Herbert E. Hipps of an eighty-foot tract of land along Ocean Drive in Corpus Christi, Texas. It is undisputed that Mrs. McGree did not have a written listing agreement from the Strullers. The controlling question is whether or not the sales contract executed on July 3, 1961, by the Strullers and Dr. Hipps meets the requirements of Art. 6573a, § 28, Vernon's Ann.Civ.Stats. After a non-jury trial, the court entered judgment for Mrs. McGree, and the Strullers have perfected this appeal.

■ Section 28 of the Texas Real Estate License Act (Art. 6573a, supra) requires that contracts by which a real estate agent is employed to buy or sell real estate must be in writing to be enforceable. Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515; 34 Texas Law Review 442. No formal instrument is required, but the written memorandum must contain a promise to pay· the agent a commission, and the tract of

land to be sold must be properly identified by the writing. McConnell v. Columbia Co., Tex.Civ.App., 326 S.W.2d 20; Shook v. Parton, Tex.Civ.App., 211 S.W.2d 368; Volkmann v. Wortham, Tex.Civ.App., 189· S.W.2d 776; Couser v. C. & M. Produce Co., Tex.Civ.App., 174 S.W.2d 984. The essential elements of the contract may not be supplied by parol testimony. Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842, 9 A.L.R.2d 742; Denman v. Hall, supra.

In 1944, appellants purchased a tract of land on Ocean Drive, Corpus Christi, Texas, consisting of 272.28 feet, located between Corpus Christi Bay and Ocean Drive. They operated a motel on this property, and in 1961 there were ten rental units, a recreation house, a fishing pier, two sea walls and a boat lift located on it. All the improvements, except the recreation house and boat lift, were located on the north 192 feet of the tract. In 1961, appellants decided to retire from the motel business and commenced trying to sell this property. At least one agent tried unsuccessfully to sell it. Appellants testified that they believed a smaller tract could be more easily sold and they therefore ran newspaper ads in June, 1961, offering to sell a motel with frontage of 192 feet on Ocean Drive, and stating that there was room for expansion. Realtors were invited to participate in the sale.

Appellee saw this ad and, after looking over the entire tract, she advised appellants that she had a prospective purchaser. No listing agreement was sought by appellee or offered by appellants. Appellee subsequently brought Dr. Hipps to inspect the property and arranged to have the property appraised for him. On July 3, 1961, appellants and Dr. Hipps entered into the written sales contract which is the basis of appellee's claim for commission. This contract is on a printed form of the Guaranty Title Insurance Company and consists of eleven printed paragraphs, and paragraph 12, which is a typewritten addition relating solely to the eighty-foot tract.

. Appellee's claim of a written promise by appellants to pay a commission is based upon paragraph 10, which provides: "Seller agrees to pay Vela McGree, the Real Estate Agent making the sale, the usual 5% commission." (Emphasis ours.) Appellants assert that this promise to pay a commission is for sale of the northwesterly 192 feet of the tract, which is described in paragraph 1 of the sales contract, and does not include a commission on the "approximately 80 feet located immediately southwest of the property covered by this contract," which Dr. Hipps was given an option to purchase by paragraph 12. Appellants further assert that this option contract was superseded by another option contract dated July 10, 1961, which did not provide for a commission.

It is seen that all of the sales contract, with the exception of paragraph 12, relates to the 192 foot tract. In paragraph 1, seller agrees to sell and purchaser agrees to buy only this tract. In paragraph 2, the purchase price is given as $85,000.00, which is admittedly the consideration for the 192 foot tract. Paragraphs 3, 7 and 9 refer to the closing of "this deal" which is to be closed "on or before the 14th day of July, 1961." The option in paragraph 12, on the other hand, was for one year. Paragraph 7 provides for payment of a real estate commission out of the earnest money paid on the purchase price of the 192 foot tract, in event the purchaser fails to consummate the purchase. The provision for a commission in the event of purchaser's breach of contract on "this sale" obviously has no application to the purchaser's option to purchase the 80 foot tract. The remaining portions of paragraphs 3 to 11 contain customary provisions for sale of the 192 foot tract, relative to furnishing a policy of title insurance, etc.

Paragraph 12 provides: "Purchaser herein is hereby given an option to purchase the remainder of the Struller property, being approximately 80 feet located immediately southwest of the *property covered by this contract*, at a price of $23,000.00 provided he exercises such option after Jan. 1, 1962, and no later than 1 year from the date this contract is closed. The terms of such $23,000, to be agreed on at the time the option is exercised." (Emphasis ours.) It is seen that even in this paragraph the parties recognized that the sales contract related to the 192 foot tract.

The trial court found that appellants verbally employed appellee to sell the entire tract and agreed to pay a commission for this service. Further, that appellee was the procuring cause of the sale of the entire property, and that by use of the term "this sale" in paragraph 10 of the sales contract, appellants promised to pay a commission for sale of the 80 foot tract, if the option was exercised by Dr. Hipps, as well as for the sale of the 192 foot tract. Neither appellants nor appellee asserts any claim that the sales contract of July 3, 1961, is ambiguous and, therefore, it is our duty to ascertain the intention of the parties from the written contract, without the aid of parol evidence. Steeger v. Beard Drilling, Inc., Tex., 371 S.W.2d 684; Ross v. Burleson, Tex.Civ.App., 274 S.W.2d 105.

It is our opinion that the sales contract of July 3, 1961, provides for two agreements, the first 11 paragraphs deal with *the sale* of the 192 foot tract; and paragraph 12 provides for *an option* to purchase "80 feet located immediately southwest of the property covered by this contract." The only written agreement to pay a real estate commission is contained in paragraph 10, whereby appellants promised to pay a commission for "this sale." The only *sale* made by this contract was of the 192 foot tract. This is not a promise to pay a commission for a sale which might take place in the future if purchaser exercised his option. Appellee concedes that the agreement of July 3, 1961, was not a *sale* of the 80 foot tract to Dr. Hipps, and that Dr. Hipps was not obligated, by this agreement, to purchase that tract. It is fundamental that the granting of an option constitutes neither a sale of property nor an agreement to sell. C. C. Slaughter Cattle

Co. v. Potter County, Tex.Civ.App., 235 S.W. 295, affirmed, Tex.Com.App., 254 S.W. 775; 43-A Texas Jurisprudence, Vendor and Purchaser, p. 76; 87 A.L.R. 563.

■ Our Courts require a strict compliance with the terms of the Real Estate Dealers License Act if a broker is to use the courts for recovery of his fees or charges for his services. Hall v. Hard, 160 Tex. 565, 335 S.W.2d 584. Since there is no written promise to pay a commission for sale of the 80 foot tract, Sec. 28 of this Act precludes appellee from recovering a commission for that sale, although she actually procured a purchaser under her verbal employment contract. Hall v. Hard, supra; Buratti & Montandon v. Tennant, supra; Davis v. Freeman, Tex.Civ.App., 347 S.W.2d 650; Landis v. W. H. Fugua, Inc., Tex.Civ.App., 159 S.W.2d 228, writ ref.

The judgment of the trial court is reversed and here rendered that appellee take nothing by her suit.