Donald TOBIN, Appellant,

v.

**J. D. BLANTON CONSTRUCTION COMPANY, Inc., Appellee.**

No. 7656.

Court of Civil Appeals of Texas.

Texarkana.

July 13, 1965.

Rehearing Denied Aug. 10, 1965.

Morris I. Jaffe, Harold Hoffman, of Wynne, Jaffe & Tinsley, Dallas, for appellant.

Hubert D. Johnson, James E. Coleman, Jr., of Carrington, Johnson & Stephens, Dallas, for appellee.

DAVIS, Justice.

This is a suit by plaintiff-appellant, Donald Tobin, as a real estate agent, to recover a 5% commission from appellee-defendant, J. D. Blanton Construction Company, Inc., on a written lease agreement for a term of 25 years entered into by and between Midwestern Security Corporation, as lessor, and Fred C. Walters, as lessee, and Fred C. Walters and John B. Walters, as guarantors of the lease, and Moser Company, a partnership, and Donald Tobin, a member of the partnership, as realtor. The appellee was not a signatory or a party to the written lease agreement. The case was

tried before the court, without a jury, upon stipulations of fact and with a short statement of facts. There are no findings of fact and conclusions of law, and none were requested by appellant. Judgment was entered that the appellant take nothing. Appellant has perfected his appeal and brings forward 4 points of error.

### History

Appellant was a partner with Moser Company, a partnership, that were licensed real estate agents. Midwestern Security Corporation, an insurance company, was apparently the owner of certain real estate situated in Dallas, Dallas County, Texas. The Moser Company arranged and procured the execution of a lease on a 200 unit Motor Hotel to be constructed on the property that was owned by Midwestern Security Corporation. The lease was signed on November 11, 1958, and provided for an annual rental of $180,000.00 per year, plus an additional percentage rental for the year 1962 which amounted to about $45,000.00. The term of the lease was for 25 years. According to the lease, lessor was to pay the real estate agents a 5% commission for negotiating the lease. The total commissions to be paid under the term of the lease amounts to about $225,000.00. Appellant testified that he had taken over the claim for the Moser Company, and that he was the exclusive owner thereof.

Subsequent to the date of the lease, the lessor entered into a construction contract with the appellee to build the Motor Hotel. The lessor executed and delivered to appellee certain notes and deed of trust to finance the construction thereof, and as further collateral the lessor assigned to appellee the lessor's interest under the lease in question. The Motor Hotel was constructed and was occupied by the lessee, who still occupies and operates the same as a Motor Hotel. On February 7, 1961, appellee had to foreclose on one of the notes which it took pursuant to financing arrangements. At the time appellee entered into the

agreement with the lessor Midwestern Security Corporation to build the Motor Hotel, the lease in question was already in existence. Lessor, Midwestern Security Corporation, did not obtain permanent financing, and was unable to fulfill its obligations under the security instrument. It could not make the payments as promised.

As a matter of fact, appellee, a construction company, took three separate security instruments from Midwestern Security Corporation to secure the payments due it for building the Motor Hotel.

Appellants, in addition to the lease, secured a deed of trust to secure the payments of their commissions. The deed of trust contains a SUBORDINATION OF MORTGAGE, which reads, in part, as follows:

"This mortgage shall be subordinate in all respects to the following:

(a) Deed of trust dated May 18, 1960 from Midwestern Security Corporation, to Clyde Gilmer, Trustee;

(b) Lease dated *November 11, 1958* between Midwestern Security Corporation and *Fred C. Walters, Lessee,*

(c) *A lien arising* against the premises *against the builder's contract between Midwestern Security Corporation and J. D. Blanton Construction Company, Inc,*

(d) Any mechanics lien arising from construction of improvements on property described in Exhibit 'A',

(e) Any liens created in construction or renovation of improvements located on the property described in Exhibit 'A'.

*In the event any of the foregoing are foreclosed pursuant to the terms thereof, this instrument shall apply solely to the proceeds payable to Mortgagor, any interest of mortgagor by way of redemption or otherwise retained in the property and any amounts received upon the disposition or sale of Mort-*

gagor's interest upon foreclosure, sale or otherwise." (Emphasis added).

Appellee had to foreclose, and the Lessor, Midwestern, went into bankruptcy.

Appellee defended the suit under the provisions of Article 6573a, Sec. 28, Vernon's Ann.Tex.Civ.St., which reads as follows:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

■ The appellant did not plead or prove any instrument of writing as contemplated by Art. 6573a, Sec. 28, supra. It seems that a construction of this statute means that a real estate agent must secure the written agreement to pay a commission from the owner of the land, describe the land in the written agreement, prior to the sale or lease of the land. This statute has been discussed in the following cases: Hall v. Hard, 160 Tex. 565, 335 S.W.2d 584; Struller v. McGree, Tex.Civ.App., 374 S.W.2d 256, W.R., N.R.E.; Wingo v. Farley, Tex.Civ.App., 318 S.W.2d 955, N.W.H.; Casebolt v. Olivier, Tex.Civ.App., 298 S.W.2d 841, Err., dism'd; Jackson v. Key, Tex.Civ.App., 223 S.W.2d 717, E.R.

## Opinion

By his points of error, the appellant says the trial court erred in concluding, as a matter of law, that he was prohibited from collecting the commission by virtue of Art. 6573a, Sec. 28; in refusing to enforce the agreement to pay a commission as a covenant running with the land; in refusing to declare that appellant was entitled to recover funds which had been equitably assigned to him and which were wrongfully received by appellee; and, in refusing to award an attorney's fee under Art. 2226, V.A.T.C.S.

■ From what has been said above, there was no prior agreement in writing entered into between the appellant and his associates and the owner of the land, Midwestern Security Corporation. In a similar case, as the case at bar, the Supreme Court of Texas has held that a promise being made purely for the benefit of one having no interest in the land will not be enforced against successive owners as a covenant running with the land. Blasser v. Cass, 158 Tex. 560, 314 S.W.2d 807. Appellant and his associates did not own any interest in the property. They furnished the services to secure the lease without any promise to pay from the owner of the land. In the deed of trust to the Moser Company, they only retained a commission upon the amount that was paid to the landowner in the event of a sale under the mortgaged terms as spoken about in favor of J. D. Blanton Construction Company, Inc. There is no evidence that appellee assumed the obligation to pay any real estate commissions that were actually due and for which appellant sues.

■ There was no written agreement between appellant and appellee whereby appellee promised to pay appellant a real estate commission. The lease pertaining to the payment of a real estate commission is not a covenant running with the land. The appellee did not assume that obligation, expressed or implied, to pay the appellant a commission. The provisions of Article 2226 are not applicable.

The points are overruled. The judgment of the trial court is affirmed.