**Ray REEDER, Appellant,**

v.

**Tim H. OSBORNE, Appellee.**

No. 16658.

Court of Civil Appeals of Texas.

Fort Worth.

July 16, 1965.

Rehearing Denied Sept. 17, 1965.

Coleman & Whitten and Earl L. Coleman, Denton, for appellant.

Stark & Davey and Gregory L. Underwood, Gainesville, for appellee.

RENFRO, Justice.

Plaintiff Osborne and defendant Reeder both claimed they were entitled to the commission for sale of property by Stovall to Duffy. Both were licensed real estate brokers. In order that the trade might be consummated the parties agreed that the amount of the commission, $1,420.00, be placed in the hands of the Denton Real Estate Board. Upon the refusal of the Board to arbitrate, Osborne brought this suit against Reeder for the commission, or, in the alternative, for a reasonable value for his services. The Board paid the $1,420.00 into the registry of the court.

At the conclusion of the evidence the defendant moved for an instructed verdict. The motion was overruled.

The jury found: Hoyt Cole had a written contract from Stovall to sell the property; plaintiff had express or implied authority under the Cole listing to sell the property; plaintiff was a procuring cause of the sale and the sale would not have been made except for plaintiff's efforts; Reeder accepted the benefits of work performed by Osborne after knowing that Duffy (the purchaser) had been secured as a prospect by Osborne; Osborne was entitled to $710.00 for "services rendered in the sale from Stovall to Duffy."

The jury also found Reeder was a procuring cause of the sale from Stovall to Duffy.

Defendant moved for judgment, and moved that certain issues be disregarded and judgment entered for defendant.

The motions were overruled and judgment entered for plaintiff for the sum of $710.00.

In three points of error defendant contends, under the undisputed evidence, he was entitled to judgment as a matter of law.

On April 6, 1962, by written agreement, Stovall employed Hoyt Cole sole and exclusive agent, until July 6, 1962, to sell a 77 acre farm. John Monroe was a salesman associated with Cole. Monroe wrote the word "void" on the listing on or about July 6, 1962. Neither Cole nor Monroe ever secured a prospective purchaser and neither ever claimed any commission from anyone.

Plaintiff testified that prior to April, 1962, he and Monroe "worked on a number of farms up there that I have had listings on and tried to sell them between us", and would share the commission.

Plaintiff testified Stovall contacted him in April or May about selling the farm, but told him Cole had the listing. Plaintiff did not contact either Cole or Monroe. He testified "when I got this prospect I started working on him. * * * we dickered back and forth there for a couple or three months." He advertised the property by ad in the Gainesville paper dated July 25, 1962. Duffy contacted plaintiff as a result of the ad.

After the expiration of the Cole listing, Stovall, by written agreement, gave defendant Reeder the exclusive listing. Defendant's contract with Stovall was executed July 21, 1962. Duffy contacted defendant in the latter part of August. After Duffy became interested, Stovall informed plaintiff that defendant had the listing.

Plaintiff, in September, prepared a contract of sale from Stovall to Duffy, but Stovall refused to sign the contract proffered by plaintiff.

Thereafter defendant helped Duffy secure a loan and the property was sold by Stovall to Duffy.

It was at Duffy's request that the amount of the commission was placed in escrow.

There was no agreement between plaintiff and defendant at any time concerning the sale of the property, and at the time defendant secured the exclusive listing from Stovall he did not know plaintiff was interested

in procuring a purchaser for the farm. Plaintiff never talked with defendant concerning the Stovall-Duffy sale until shortly before defendant closed the deal between Stovall and Duffy.

The Real Estate License Act, Art. 6573a, § 28, Vernon's Ann.Tex.Civ.St., provides no action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized.

The salient facts are: Stovall never agreed in writing to pay plaintiff a commission. Neither Cole nor Monroe agreed in writing to pay plaintiff a commission nor did either, orally or in writing, agree to divide or share a commission with plaintiff.

Defendant never promised to pay plaintiff a commission.

Plaintiff testified he never talked with Cole or Monroe about the property in question. He merely assumed it would be all right with them if he did sell it for they had sold for each other in the past. Cole, called by plaintiff as a witness, testified it "would be infrequent" when they (Cole, Monroe, Osborne) worked on each other's listings. There was no evidence of any standing agreement by Cole to pay plaintiff a commission for any Cole listing which plaintiff might sell.

We think the evidence falls far short of showing any agreement on the part of Cole or Monroe to pay or split a commission with plaintiff on sale of the property in question.

In Struller v. McGree, 374 S.W.2d 256 (San Antonio Civ.App., 1963, ref., n. r. e.), it was held: "Our Courts require a strict compliance with the terms of the Real Estate Dealers License Act if a broker is to use the courts for recovery of his fees or charges for his services. Hall v. Hard, 160 Tex. 565, 335 S.W.2d 584. Since there is no written promise to pay a commission for sale of the 80 foot tract, Sec. 28 of this Act precludes appellee from recovering a commission for that sale, although she actually procured a purchaser under her verbal employment contract."

Section 28 is generally construed literally. Thus, evidence of an executed oral contract or of services performed is not admissible to sustain a suit for brokerage fees. Landis v. W. H. Fuqua, Inc., 159 S.W.2d 228 (Amarillo Civ.App., 1942, ref.); McConnell v. Columbia Company, 326 S.W.2d 20 (Fort Worth Civ.App., 1959, ref., n. r. e.); Taylor v. Sellers, 348 S.W.2d 99 (Fort Worth Civ.App., 1961, no writ hist.).

It is no help to plaintiff that the above statute is inapplicable to an agreement between real estate brokers to share a commission received by one of them for selling land, Warren v. White, 143 Tex. 407, 185 S.W.2d 718 (1945), for by plaintiff's own evidence there was never any agreement by defendant, oral or written, to share a commission with plaintiff.

Plaintiff having failed to prove that he had a promise or agreement, or some memorandum thereof in writing, and having failed to prove that defendant promised to pay him a fee or split a commission, he failed, as a matter of law, under the undisputed material facts, to prove a cause of action against defendant.

The judgment of the trial court, in so far as it allows plaintiff recovery, is reversed and judgment rendered that plaintiff take nothing.

Reversed and rendered in part and in part affirmed.