**Joseph O. JENNINGS, Appellant,**

**v.**

**Marion W. LEE, Appellee.**

**No. 11617.**

Court of Civil Appeals of Texas.

Austin.

June 26, 1968.

Rehearing Denied July 17, 1968.

Bartram, Reagan & Burrus, S. T. Burrus, New Braunfels, for appellant.

Biery, Biery, Woods & Davis, Leonard E. Davis, San Antonio, for appellee.

HUGHES, Justice.

This suit was brought by Joseph O. Jennings, appellant, against Marion W. Lee, appellee, to recover compensation allegedly earned as a duly licensed real estate salesman, also to recover attorney's fees and punitive damages. We quote from the petition upon which appellant went to trial:

"That on or about the 27th day of December, 1965, PLAINTIFF was employed by DEFENDANT to sell real estate owned by the DEFENDANT in Comal County, Texas, and particularly real estate, including both unimproved and improved tracts, located in and in the vicinity of the village of Sattler. For such employment, DEFENDANT herein agreed to pay PLAINTIFF a sales commission of ten per cent (10%) of the total cash down payment, or equivalent, on any sale made to prospects located by PLAINTIFF and ten per cent (10%) of the gross monthly deferred payments on such sales until a total commission of ten per cent (10%) of the full sales price had been paid to PLAINTIFF, a copy of such agreement is attached hereto and marked as Exhibit 'A' and made a part hereof for all pertinent purposes as fully written out herein. This understanding and agreement between the parties was reduced to writing and signed by said DEFENDANT."

Exhibit "A," referred to by appellant and introduced in evidence, is as follows:

"TO ALL SALESMEN
August 21, 1965

EFFECTIVE TODAY: All sales commissions will be paid in the following manner—10% of the cash downpayment and 10% of the gross monthly payment until the total commission of 10% of selling price has been paid the salesman. In the event the purchaser defaults and the lot comes back to seller, then the balance of commissions due is null and void.

All salesmen are to abide by the regulations which have been laid down for the betterment of all concerned. Hours that salesmen must be on the premises are from 9:00 a. m. to sundown on Saturdays and Sundays.

SATTLER VILLAGE
/s/ Marion W. Lee            "
Marion W. Lee

No other writing is relied upon by appellant as evidencing an agreement between him and appellee for the payment of compensation to him for the sale of appellee's real property.

Appellee pleaded in defense that appellant's suit was barred by the provisions of Sec. 28 of Art. 6573a, Vernon's Ann.Tex. Civ.St., Real Estate License Act, and by Art. 3995, V.T.C.S., the Statute of Frauds.

■ Evidence was introduced supporting the above allegations of appellant and which, but for the provisions of the above statutes, would have entitled appellant, factually speaking, to recover from appellee a commission of $3,000.00. After this evidence was introduced, appellee successfully moved for judgment.

Sec. 28 of Art. 6573a provides, in part:

"Sec. 28. No action shall be brought in any court in this State for the re-covery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

The writing upon which appellant relies is insufficient to satisfy the requirements of Art. 6573a for the reason that it does not contain any description of the realty for the sale of which a commission is to be paid, nor does such writing refer to any other writing in existence wherein such description may be found. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150 (1945).

■ It is to be noted that this is not a suit between two licensed realtors to enforce an oral agreement to divide a commission earned in the sale of real property not owned by either.[1] The real property here was owned by appellee and appellant seeks a commission for having procured an able and willing purchaser for it.

We quote the following from appellant's brief as expressing the substance of his contentions:

"The trial Court based its decision upon the conclusion that Appellant's memorandum agreement with Appellee was not sufficient to satisfy the Statute of Frauds of this State, nor the Real Estate Dealer's Act. It is respectfully submitted that these two acts were never intended to protect an employer from an employee or a master from a servant. On the other hand, such acts were primarily intended to protect the lamb from the lion, the unlearned from the learned and the layman from the overreaching of a professional real estate dealer.

To accept the argument of Appellee and the ruling of the trial Court, Appellant in order to protect himself and to

---

1. Such an agreement is valid. Warren v. White, 143 Tex. 407, 185 S.W.2d 718 (1945).

assure the compensation promised him by Appellee, would have been required to insist upon a separate written agreement for each piece of property owned by Appellee which was subject to sale. Such an arrangement was never contemplated by the parties to this suit, nor by any of the other sales people on Appellee's sales force. Such an arrangement would have been highly onerous on all parties concerned. Appellee was running a business and Appellant was a part of that business. He was a full-time employee of Appellee. He performed many other services for Appellee other than that of showing and selling real estate owned by Appellee.

Being a licensed real estate salesman in the State of Texas under the Appellee's license should exempt this Appellant from the strict requirements of the Statute of Frauds and the Real Estate Dealer's Act. Clearly such acts should have no application in this instance when there is taken into consideration not only the close employer-employee relationship of the parties, but the fact that there was a written memorandum agreement signed by the Appellee and delivered to the Appellant evidencing the compensation to be paid the salesman.

To allow the Appellee to take refuge behind those acts, would permit the fraud for which such acts were intended to prevent."

Appellant cites Cornelius v. Holland, 102 C.A. 136, 282 P. 539, Dist. Ct. of Appeals, Second District, Division 2, California, and Phy v. Selby, 35 Idaho 409, 207 P. 1077, S.Ct. of Idaho to sustain his position. In Cornelius no question was presented as to the sufficiency of the contract between the broker and the owner. In Phy the suit was between two brokers over a commission. The owner of the property involved was not a party to the suit. Appellant also cites Casebolt v. Olivier, 298 S.W.2d 841, Tex.Civ.App. Beaumont, writ

dismissed (1957). In this case a licensed real estate salesman was employed by a licensed real estate dealer to sell real estate in Jefferson County through the dealer's agency for stated commissions. Subsequently, the dealer advised (no writing was alleged) the salesman that she, the dealer, was offering her own residence for sale. A ready, willing and able purchaser was found by the salesman for the residence but he was denied recovery of a commission, the Court saying:

"Our Courts have held that the Real Estate License Act does not prohibit the enforcement of an oral agreement between realtors concerning the division of commission. Hohenburger v. Schnitzer, Tex.Civ.App., 235 S.W.2d 466; Warren v. White, 143 Tex. 407, 185 S.W.2d 718. The agreement pleaded here can not be regarded as an agreement to divide a commission, since it is apparent that no written agreement on the part of the owner to pay a commission was ever made. There was no commission to be divided.

\* \* \* \* \* \*

In the present case, the request by appellee that appellant try to sell appellees' own home did not come within the scope of the original contract of employment. It was not a joint adventure, in the completion of which both parties, the dealer and the salesman, would make a profit. It was to be a sale by an owner, and under the statute any agreement to pay a commission for the sale was required to be in writing and signed by the owner, the appellee here, in order to become enforceable against such owner. Such an agreement not in writing is within the statute, and is unenforceable."

It is true that here the sale of appellees' property was within the contract of employment. In fact, appellant was employed to sell appellees' property exclusively. It also appears that appellee had many properties. These facts, in our opinion, do

not affect the law. We would have to rewrite Sec. 28 of Art. 6573a in order to include exceptions based on such facts. We have no authority or desire to do this.

The judgment of the trial court is affirmed.

Affirmed.